**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., SAMSUNG SEMICONDUCTOR, | § | C.A. No. 2:25-cv-557-JRG |
| INC.; AVNET, INC., | § | |
| | § | JURY TRIAL DEMANDED |
| Defendants. | § | (Lead Case) |
| | § | |
| | § | |
| NETLIST, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MICRON TECHNOLOGY, INC., | § | |
| MICRON SEMICONDUCTOR | § | |
| PRODUCTS, INC., AND MICRON | § | C.A. No. 2:25-cv-558-JRG |
| TECHNOLOGY TEXAS LLC; AVNET, | § | |
| INC., | § | JURY TRIAL DEMANDED |
| | § | (Member Case) |
| Defendants. | § | |

**MICRON'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................................... 1

II.   BACKGROUND ..................................................................................................... 2

      A.   Netlist's Complaints And Micron's Related Declaratory Judgment Actions ......... 2

      B.   Micron's Texas Offices ................................................................................... 3

      C.   Micron's Prior Lawsuits Against Netlist Under Idaho's Bad Faith Assertions
           Of Patent Infringement Act ............................................................................ 5

III.  ARGUMENT .......................................................................................................... 6

      A.   Netlist's FAC Should Be Dismissed For Improper Venue Under Rule
           12(b)(3) .......................................................................................................... 6

           1.   Venue Does Not Lie In This District .......................................................... 6

           2.   Dismissal, Not Transfer, Is Warranted. ..................................................... 10

      B.   Netlist's Claims For Infringement Of The '087 Patent Against Micron Texas,
           An LLC That Dissolved Before That Patent Issued, Must Be Dismissed. ........... 10

      C.   The Court Should Dismiss Netlist's Declaratory-Judgment Claim Under
           Idaho State Law For Lack Of Subject-Matter Jurisdiction. .................................. 13

IV.   CONCLUSION ..................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AGIS Software Dev. LLC v. Google LLC*,
 No. 2:19-CV-00361-JRG, 2022 WL 1511757 (E.D. Tex. May 12, 2022) ...............................7

*Ambraco, Inc. v. Bossclip B.V.*,
 570 F.3d 233 (5th Cir. 2009) ...............................................................................................7

*Apodaca v. Unknown Michael Unit 1-5*,
 No. 6:24CV368, 2024 WL 5690562 (E.D. Tex. Dec. 2, 2024) ...............................................11

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)...............................................................................................................11

*Chapterhouse, LLC v. Shopify, Inc.*,
 No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018*)*...............................11

*Chimie v. PPG Indus., Inc.*,
 402 F.3d 1371 (Fed. Cir. 2005)..............................................................................................11

*In re Cray Inc.*,
 871 F.3d 1355 (Fed. Cir. 2017)....................................................................................6, 8, 9

*Falk v. Sabatine*,
 199 F. Supp. 868 (E.D. Pa. 1961) .........................................................................................10

*Funk v. Stryker Corp.*,
 631 F.3d 777 (5th Cir. 2011) ...............................................................................................11

*In re Google LLC*,
 949 F.3d 1338 (Fed. Cir. 2020)..............................................................................................8

*iCharts LLC v. Tableau Software, LLC*,
 No. 1:23-CV-1225-DII, 2024 WL 2305214 (W.D. Tex. May 21, 2024) .................................9

*Lowery v. Estelle*,
 533 F.2d 265 (5th Cir. 1976) ...............................................................................................10

*Loyal-T Sys. LLC v. Am. Express Co.*,
 No. 23-2625 (ES) (LDW), 2024 WL 4381835 (D.N.J. Oct. 3, 2024) ....................................8

*Lujan v. Defenders of Wildlife*,
 504 U.S. 555 (1992)...............................................................................................................14

*Matthews Int'l Corp. v. Biosafe Eng'g, LLC*,
    695 F.3d 1322 (Fed. Cir. 2012)........................................................................................14

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007).........................................................................................................13

*Netlist, Inc. v. Micron Tech., Inc., et al.*,
    E.D. Tex. C.A. No. 2:25-cv-00552-JRG.......................................................................1, 2

*Personal Audio, LLC v. Google, Inc.*,
    280 F. Supp. 3d 922 (E.D. Tex. 2017)...............................................................................9

*Prasco, LLC v. Medicis Pharm. Corp.*,
    537 F.3d 1329 (Fed. Cir. 2008)...................................................................................13, 14

*U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*,
    355 F.3d 370 (5th Cir. 2004) ...........................................................................................11

*Scott v. Pfizer Inc.*,
    249 F.R.D. 248, 262 n.7 (E.D. Tex. 2008).................................................................13, 15

*Seven Networks, LLC v. Google LLC*,
    315 F. Supp. 3d 933 (E.D. Tex. 2018)...............................................................................7

*Super Interconnect Techs. LLC v. Google LLC*,
    No. 2:18-CV-00462-JRG, 2019 WL 3717683 (E.D. Tex. Aug. 7, 2019)...............................8

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    581 U.S. 258 (2017).........................................................................................................6

*The Hipage Co. v. Access2Go, Inc.*,
    589 F. Supp. 2d 602 (E.D. Va. 2008) ...............................................................................10

*In re ZTE (USA) Inc.*,
    890 F.3d 1008 (Fed. Cir. 2018)..........................................................................................6

**Statutes**

28 U.S.C. § 124(a)(1).............................................................................................................8

28 U.S.C. § 1400(b) ...................................................................................................6, 7, 8, 10

28 U.S.C. § 1406(a) ..............................................................................................................10

Idaho Code § 30-25-702(a)....................................................................................................12

Idaho Code § 30-25-702(b)....................................................................................................12

Idaho Code § 48-1703................................................................................................... *passim*

**Other Authorities**

Federal Rules of Civil Procedure
    Rule 11 ................................................................................................................................14
    Rules 12(b) ................................................................................................6, 7, 12, 15

**TABLE OF EXHIBITS**
**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

| Exhibit | Description |
|---|---|
| 1 | Complaint, Dkt. No. 1, *Netlist, Inc. v. Micron Technology, Inc., Micron Semiconductor Products, Inc., Micron Technology Texas LLC*, C.A. No. 2:25-cv-00552-JRG (E.D. Tex. May 19, 2025) |
| 2 | Complaint, Dkt. No. 1, *Micron Technology, Inc. and Micron Semiconductor Products, Inc. v. Netlist, Inc.,* C.A. No. 1:25-cv-00629 (D. Del. May 20, 2025) |
| 3 | Order Granting Netlist Motion to Dismiss Without Prejudice, Dkt. No. 3, *Netlist, Inc. v. Micron Technology, Inc., Micron Semiconductor Products, Inc., Micron Technology Texas LLC*, C.A. No. 2:25-cv-00552-JRG (E.D. Tex. May 22, 2025) |
| 4 | Complaint for Violation of Idaho Code § 48-1703 (Bad Faith Assertion of Patent Infringement), *Micron Technology, Inc., et al. v. Netlist, Inc.*, No. CV01-23-19920 (District Court of the Fourth Judicial District of the St. of Id., in and for the Cty. of Ada Dec. 11, 2023) |
| 5 | Complaint for Violation of Idaho Code § 48-1703 (Bad Faith Assertion of Patent Infringement), *Micron Technology, Inc., et al. v. Netlist, Inc.*, No. CV01-24-01032 (District Court of the Fourth Judicial District of the St. of Id., in and for the Cty. of Ada Jan. 16, 2024) |
| 6 | Complaint for Violation of Idaho Code § 48-1703 (Bad Faith Assertion of Patent Infringement), *Micron Technology, Inc., et al. v. Netlist, Inc.*, No. CV01-25-09858 (District Court of the Fourth Judicial District of the St. of Id., in and for the Cty. of Ada June 2, 2025) |
| 7 | Statement of Dissolution of Limited Liability Company Micron Technology Texas LLC, filed on October 25, 2023 with the Idaho Secretary of State |
| 8 | Certification of the Status of Micron Technology Texas LLC made by the Idaho Secretary of State, filed on June 4, 2024 with the Texas Secretary of State |
| 9 | Complaint, Dkt. No. 1, *Micron Technology, Inc. and Micron Semiconductor Products, Inc. v. Netlist, Inc.,* C.A. No. 1:25-cv-00864-JLH, Dkt. 1 (D. Del. July 10, 2025) |

i

**TABLE OF EXHIBITS**
**DECLARATION OF JOHN BECKER**

| Exhibit | Description |
|---|---|
| 1 | Internet Archive Wayback Machine capture of Micron's website from February 2022, available at https://web.archive.org/web/20220225031617/https://www.micron.com/about/locations?country=USA&city=Allen |
| 2 | Internet Archive Wayback Machine capture of Micron's website from September 2024, available at https://web.archive.org/web/20240928075823/https://www.micron.com/about/locations |
| 3 | Internet Archive Wayback Machine capture of Micron's website from May 2025, available at https://web.archive.org/web/20250528193537/https://www.micron.com/about/locations |
| 4 | Brown, Steve "Micron Technology Grows North Texas Presence with Move Into Allen's Bethany West." Dallas Morning News, October 29, 2020, available at https://www.dallasnews.com/business/real-estate/2020/10/29/tech-.firm-growing-with-allen-office-move/ |

## I.    INTRODUCTION

Plaintiff Netlist, Inc.'s ("Netlist's") First Amended Complaint doubles down on the same deficient allegations that it made in its original complaint. The Micron[1] Defendants moved to dismiss Netlist's original complaint in June 2025 because venue in the Eastern District of Texas was improper when Netlist filed its complaint, Netlist had not stated a claim for infringement of a newly issued patent against Micron Texas (an entity that was dissolved years before the patent issued), and Netlist had not pleaded an actual or imminent injury sufficient to sustain a declaratory judgment claim. *See* C.A. No. 2:25-cv-558-JRG, Dkt. 11 ("First MTD").  Instead of opposing the motion, Netlist filed the FAC on July 8, 2025, but did not supplement a ***single*** factual allegation related to venue, Micron Texas, or its declaratory judgment claim. *See* Dkt. 15 ("FAC").

The FAC still asserts that venue is proper in this District on the grounds that Micron purportedly has two places of business in Allen, Texas. *Id.* ¶¶ 5-8, 16.  But a simple Internet search—and the evidence Micron submitted with its prior motion to dismiss, *see* First MTD at 2-4—shows that Micron moved out of those locations months or years before Netlist filed the FAC and that it relocated its operations to Richardson, Texas (in the Northern District of Texas) last year.  If Netlist had any reason to believe that Micron was still conducting business out of the Allen locations identified in the FAC despite that evidence, it would have supplemented its factual allegations in the FAC.

In equally meritless fashion, Netlist continues to plead in the FAC that Micron Texas—an entity that was dissolved in 2023—infringes a patent that issued on May 20, 2025.  Micron showed in the First MTD that Micron Texas has been dissolved and provided publicly-available filings

---

[1] Defendants Micron Technology, Inc. ("Micron Technology"), Micron Semiconductor Products, Inc. ("Micron Semiconductor"), and Micron Technology Texas, LLC ("Micron Texas") are referred to collectively as "Micron."

from both the Idaho and Texas Secretaries of State confirming as much. Netlist nonetheless did not supplement the FAC to identify any infringing acts that Micron Texas committed a year-and-a-half post-dissolution.

Netlist also did not add any factual allegations to support its declaratory judgment claim. Netlist continues to allege that Micron's prior suits against Netlist brought under Idaho's bad faith statutes on different patents create declaratory judgment jurisdiction here.  FAC ¶ 2.  As Micron explained in its original motion to dismiss, Micron did not file those other cases until after the Patent Trial and Appeal Board had found the patent claims at issue to be unpatentable.  First MTD at 11-14.  Here, the PTAB has not evaluated the patentability of either of the patents-in-suit.

That Netlist's FAC does not include any new factual allegations indicating that venue is proper, that Micron Texas infringes a newly issued patent, or that it has experienced an actual or imminent injury sufficient for declaratory judgment jurisdiction is telling.  For all of the reasons that Micron explained in its original MTD and herein, the Court should dismiss the FAC in its entirety.

## II.    BACKGROUND

### A.    Netlist's Complaints And Micron's Related Declaratory Judgment Actions

Netlist filed this case on May 19, 2025. On that date, Netlist filed two complaints in this Court asserting that Micron infringed U.S. Patent No. 12,308,087 (the "'087 patent").  *See* C.A. No. 2:25-cv-558-JRG, Dkt. 1 ("Compl.") ¶ 20; RJN Ex. 1 (Complaint in *Netlist, Inc. v. Micron Technology, Inc.*, E.D. Tex. C.A. No. 2:25-cv-00552-JRG).  One of those cases, Civil Action No. 2:25-cv-00552-JRG, was filed before the '087 patent had even issued and has since been dismissed.  *See* RJN Ex. 3.  In the other complaint, Netlist alleged that three Micron entities— Micron Technology, Micron Semiconductor, and Micron Texas—infringe the '087 patent and sought a declaratory judgment that Netlist has not violated Idaho Code § 48-1703 (Idaho's Bad

Faith Assertions of Patent Infringement Act) by bringing this suit. *See* Compl. On May 20, 2025, Micron Technology and Micron Semiconductor filed a complaint against Netlist in the District of Delaware, Netlist's place of incorporation, Compl. ¶ 3, seeking a declaratory judgment that Micron does not infringe the '087 patent. RJN Ex. 2.

Micron moved to dismiss Netlist's complaint on June 17, 2025, providing evidence that venue is improper in this District and arguing that Netlist had failed to state a declaratory judgment claim or a claim for infringement against Micron Texas. Netlist then filed its First Amended Complaint on July 8, 2025. *See* FAC. The FAC adds a new third-party Defendant, Avnet, Inc., and also alleges that Micron infringes an additional patent, U.S. Patent No. 10,025,731 (the "'731 patent"). *Id.* The FAC does not add any allegations related to venue or Micron Technology Texas's status. *Compare id.* ¶¶ 5-8, 10, 16 with Compl. at ¶¶ 5-8, 9, 15. On July 10, 2025, Micron Technology and Micron Semiconductor filed a complaint against Netlist in the District of Delaware seeking a declaratory judgment that Micron does not infringe the '731 patent. RJN Ex. 9.

**B.    Micron's Texas Offices**

Netlist continues to incorrectly allege that venue is proper in the Eastern District of Texas because Micron "has a regular and established place of business at 805 Central Expressway South, Suite 100, Allen, Texas 75013" (the "Central Expressway Office"), and another at "950 West Bethany Drive, Suite 120, Allen, Texas 75013" (the "Bethany Drive Office"). FAC ¶¶ 5-7. Micron explained in its original motion to dismiss that Netlist's venue allegations are baseless, and a simple Internet search would have confirmed as much. *See* First MTD at 3. The "Locations" page on Micron's website has not listed the Central Expressway Office as a Micron place of business since 2022 or the Bethany Drive Office since September 2024. *See* Becker Decl. Exs. 1 (Micron's "Locations" page on its website in February 2022), 2 (Micron's "Locations" page on its

3

website in September 2024), 3 (Micron's "Locations" page on its website when the prior complaint was filed in May 2025). That's because Micron no longer conducts its business in those locations. *Id.* ¶¶ 4-5

Micron originally leased the Central Expressway Office in 2010, but that lease expired in 2021. *See id.* ¶ 7. No Micron employees have worked from the Central Expressway Office since at least October 2021 and, by 2022, Micron had removed references to that office from its website. *See id.* ¶¶ 7-8, Ex. 1.

By October 2021, Micron had moved its operations from the Central Expressway Office to the Bethany Drive Office. *Id.* ¶ 9. The media reported on Micron's move at the time. *Id.* Ex. 4. Micron leased the Bethany Drive Office beginning in January 2021, and the lease is set to expire in September 2031. *See id.* ¶ 9. However, by May 2024, Micron decided to vacate its Bethany Drive Office in preparation to move to a new office at 1500 N. Greenville Avenue, Richardson, Texas 75081 (the "Richardson Office"), and a data center and lab space located at an Equinix facility at 1950 North Stemmons Freeway, Suite 3050, Dallas, Texas 75207 (the "Equinix-Dallas Facility"). *Id.* ¶ 10. Both the Richardson Office and the Equinix-Dallas Facility are located in Dallas County in the Northern District of Texas. *See id.* ¶¶ 5-6, 10; RJN at 3-4. Micron completed its move-out from the Bethany Drive Office in July 2024 and, as of July 31, 2024, Micron was no longer conducting business at the Bethany Drive Office. Becker Decl. ¶ 11. No Micron employees have worked from the Bethany Drive Office since that time. *Id.* As part of the move-out, Micron disabled all badge readers at the Bethany Drive Office, removed all computers, servers, and networking hardware, and cut off the site's access to Micron's corporate network. *Id.* Since July 2024, the Bethany Drive Office has been accessible only using a physical key. *Id.* Only one Micron employee, who is based in Richardson, has a physical key, for use in case of emergency.

4

*Id.* By July 2024, Micron also had removed all Micron signage from the Bethany Drive Office and had removed references to the office from its website. *Id.* Micron is working with a broker to sublease the Bethany Drive Office but has not been successful so far. *Id.* ¶ 12.

From August 2024 to approximately September 8, 2024, Micron employees who had previously worked at the Bethany Drive Office worked from home while Micron renovated the Richardson Office. *Id.* ¶ 13. The Richardson Office opened on September 8, 2024, and employees previously based out of the Bethany Drive Office began working there as of that date. *Id.* ¶ 14. Micron's lease to the Richardson Office expires in 2031. *Id.* ¶ 10. By September 2024, Micron's website listed its Richardson Office address on its website as its only Dallas-area office. *See id.* Ex. 2. As of the date the FAC was filed, employees of both Micron Technology and Micron Semiconductor worked at the Richardson Office. *Id.* ¶ 14. Some Micron Technology employees use the lab space at the Equinix-Dallas Facility on occasion, but they typically work from the Richardson Office. *Id.* Micron Texas was dissolved more than a year before either the Complaint or FAC were filed, see RJN Ex. 7, and Micron Texas had no employees working at the Richardson Office (or the Central Expressway or Bethany Drive Offices) as of the date of either filing, *see* Becker Decl. ¶¶ 7, 14.

### C. Micron's Prior Lawsuits Against Netlist Under Idaho's Bad Faith Assertions Of Patent Infringement Act

In its FAC, Netlist alludes to cases that Micron previously filed against Netlist under Idaho's Bad Faith Assertions of Patent Infringement Act (Idaho Code § 48-1703). FAC ¶ 2. To date, there have been three such cases. *See* RJN Exs. 4-6. In the first case, Micron brought a claim under § 48-1703 based on Netlist's assertion that Micron infringed U.S. Patent No. 8,301,833. *See* RJN Ex. 4 ¶¶ 21-22. Before Micron filed its complaint, the PTAB had found that all claims of the '833 patent that Netlist asserted against Micron were unpatentable. *See id.* ¶ 33.

In the second case, Micron brought claims under § 48-1703 based on Netlist's assertion that Micron infringed U.S. Patent Nos. 11,232,054 and 11,016,918. *See* RJN Ex. 5 ¶ 4. Before Micron filed its complaint, the PTAB had found that all claims of the '054 and '918 patents that Netlist asserted against Micron were unpatentable. *See id.*

In the third case, Micron brought claims under § 48-1703 based on Netlist's assertions that Micron infringed U.S. Patent Nos. 8,787,060, 9,318,160, 10,860,506, 10,949,339, 7,619,912, and 11,093,417. RJN Ex. 6 ¶¶ 4, 9, 11. As in Micron's prior § 48-1703 cases, for each of the foregoing patents, the PTAB had found all claims that Netlist asserted against Micron to be unpatentable before Micron filed its complaint. *Id.* ¶¶ 4-11.

## III.    ARGUMENT

### A.    Netlist's FAC Should Be Dismissed For Improper Venue Under Rule 12(b)(3)

#### 1.    Venue Does Not Lie In This District

In *TC Heartland LLC v. Kraft Foods Grp. Brands LLC,* 581 U.S. 258, 266 (2017), the Supreme Court held that § 1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions." Under § 1400(b), venue is proper only: (i) where the defendant "resides" (meaning its state of incorporation), or (ii) where the defendant has a "regular and established place of business" and acts of infringement occurred.[2] *Id*. at 265. There are three requirements to show that a defendant has a "regular and established place of business" in a judicial district: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "[T]he Plaintiff bears the burden of establishing proper venue." *In re ZTE (USA) Inc.,* 890 F.3d 1008, 1013 (Fed. Cir. 2018). Whether venue is proper is determined "as of the date the suit

---

[2] Micron is only challenging the "regular and established place of business" requirement for purposes of this Motion but disputes that acts of infringement occur in this District or any other.

is filed." *AGIS Software Dev. LLC v. Google LLC*, No. 2:19-CV-00361-JRG, 2022 WL 1511757, at *1 (E.D. Tex. May 12, 2022).  In deciding a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments."  *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).

Netlist cannot meet its burden to establish proper venue in this District under either prong of § 1400(b).

**First**, because the defendants were incorporated or formed in Delaware or Idaho, FAC ¶¶ 5-7, they do not "reside" in this District within the meaning of the first prong of § 1400(b).  *See Seven Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933, 941 (E.D. Tex. 2018) ("It is undisputed that when this action was filed, Google was incorporated in Delaware and therefore 'resided' in Delaware, not in Texas.").

**Second**, Micron did not have a "regular and established place of business" in this District when Netlist filed the FAC.  Netlist has identified two locations in the District as Micron's purported regular and established places of business:  the Central Expressway Office and the Bethany Drive Office.  FAC ¶¶ 5-7.  As Micron demonstrated in its original motion to dismiss, Micron vacated those offices months or years before the FAC was filed, *see* First MTD at 2-4, Becker Decl. ¶¶ 7-11.  Micron's lease for the Central Expressway Office expired in 2021 and Micron moved out of the office, stopped conducting its business from that location, and stopped advertising it as Micron's place of business at that time.  *Id.* ¶¶ 7-8.  It then moved its Dallas-area operations to the Bethany Drive Office.  *Id.* ¶ 9.  But Micron moved out of the Bethany Drive Office in July 2024 to an office in Richardson and an Equinix data center and lab space in Dallas. *Id.* ¶¶ 10, 14.  Both the Richardson Office and the Equinix-Dallas Facility are in Dallas County in

7

the Northern District of Texas. *Id.* ¶¶ 5-6; RJN at 3; 28 U.S.C. § 124(a)(1). The Bethany Drive Office was not in use as Micron's place of business as of the date the FAC was filed. Becker Decl. ¶¶ 4, 11; *see In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1376 (Fed. Cir. 2021) (concluding that venue must be proper as of the time the amended complaint is filed). No Micron employees have worked from the Bethany Drive Office since July 2024. Becker Decl. ¶ 11. Micron employees cannot badge into the Bethany Drive Office; a physical key is required. *Id.* Only one Micron employee, who is based in Richardson, has a physical key, which is for use in case the property needs to be accessed in the event of emergency. *Id.* Micron is actively attempting to sublease the space via a broker. *Id.* ¶ 12.

That Micron is leasing space in this District, without more, is not sufficient to make that space Micron's "regular and established place of business," as this Court has previously recognized. *See Super Interconnect Techs. LLC v. Google LLC*, No. 2:18-CV-00462-JRG, 2019 WL 3717683, at *2 (E.D. Tex. Aug. 7, 2019) (explaining that venue is not proper under § 1400(b) merely because "a defendant owns, controls, or otherwise has a connection to a piece of property, real or personal, that is related to the defendant's business" in the District). Similarly, the Federal Circuit has been clear that "the defendant must actually engage in business from [a] location" for it to be the defendant's "regular and established place of business" and that "advertis[ing]" or "even set[ting] up an office is not sufficient." *In re Cray,* 871 F.3d at 1364. And a "regular and established place of business" "requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business." *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020); *see also Loyal-T Sys. LLC v. Am. Express Co.*, No. 23-2625 (ES) (LDW), 2024 WL 4381835, at *7 (D.N.J. Oct. 3, 2024) ("[T]he mere existence of this leased property—from which no employee or agent of Defendants appears to be working—is insufficient to establish

8

venue in the District.").

When Netlist filed the FAC on July 8, 2025, Micron was not conducting its business—designing and selling semiconductor products—from the Bethany Drive Office.  Becker Decl. ¶ 4, 11.  No Micron employees have had a regular, physical presence in that office since July 31, 2024.  *Id.* ¶ 11.  Badge access to the office, as well as any connection between the office and Micron's corporate network, was disabled at that same time.  *Id.*  Micron also stopped advertising the Bethany Drive Office as one of its places of business long before the FAC was filed.  *Id.* Exs. 2-3.  Micron removed its signage from the building, and any references to the location from its website, in July 2024.  *Id.* ¶ 11.

A vacant office that Micron is seeking to sublease plainly cannot qualify as Micron's "regular and established place of business."  *See iCharts LLC v. Tableau Software, LLC*, No. 1:23-CV-1225-DII, 2024 WL 2305214, at *6 (W.D. Tex. May 21, 2024) ("iCharts, however, argues that the 260 California Avenue office cannot be considered as Tableau's physical place because … this office has been vacant since 2020 and is currently available for sublease…. The Court agrees with iCharts.").  And even if Micron were to sublease the Bethany Drive Office to recoup some of its costs, the sublease would not transform the office into Micron's place of business.  A regular and established place of business must be a place where "the business of the defendant is carried out."  *In re Cray*, 871 F.3d at 1362.  Micron is not in the real estate business and is not carrying out any of its semiconductor-related business from the Bethany Drive Office.  In fact, a sublease would almost certainly transform the Bethany Drive Office into the place of business of Micron's sublessee, not Micron itself.  *See Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 933 (E.D. Tex. 2017) (concluding that an office that Google subleased to Quest "was more likely a regular and established place of business for Quest rather than Google").

Netlist has not come forward with any new factual allegations in the FAC which suggest that Micron is conducting business from the Central Expressway Office or the Bethany Drive Office because no such facts exist.  Because Micron does not reside in this District and did not have any regular and established places of business in this District as of the date the FAC was filed, venue is improper under § 1400(b).

### 2.    Dismissal, Not Transfer, Is Warranted.

Where venue is improper, as it is here, the district court "shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Here, the interests of justice favor dismissal, not transfer, because cases are pending in the District of Delaware between Micron and Netlist over both the '087 and '731 patents.  *See* RJN Exs. 2, 9.  *See Falk v. Sabatine*, 199 F. Supp. 868, 871 (E.D. Pa. 1961) (dismissing, rather than transferring, case for improper venue where there was another case raising the same claims).  Moreover, given that the Delaware actions were filed immediately after Netlist's complaints, Netlist would "not face a statute of limitations … nor forfeiture of its rights" as a result of dismissal.  *The Hipage Co., Inc. v. Access2Go, Inc.*, 589 F. Supp. 2d 602, 614 (E.D. Va. 2008) (concluding transfer was not appropriate under section 1406(a)); *see also Lowery v. Estelle*, 533 F.2d 265, 267 (5th Cir. 1976) ("Lowery apparently faces no statute of limitations problems, as noted below, we cannot hold that the interest of justice was disserved by a mere dismissal.").

### B.    Netlist's Claims For Infringement Of The '087 Patent Against Micron Texas, An LLC That Dissolved Before That Patent Issued, Must Be Dismissed.

Netlist has failed plausibly to allege that Micron Texas, an entity that has been defunct for more than a year-and-a-half, has infringed the '087 patent.  The sole allegation in the FAC regarding Micron Texas's alleged infringement of the '087 patent is that the accused products were sold and offered for sale "through sales and distribution channels managed by Micron Texas."

10

FAC ¶ 10.  The only sales that are potentially relevant to Netlist's claims are those taking place on or after May 20, 2025, when the '087 patent issued.  *See id.* ¶ 23; *Chimie v. PPG Indus., Inc.*, 402 F.3d 1371, 1382 (Fed. Cir. 2005) ("[A] patent cannot be infringed by acts done before its issuance.").

Although this Court "must accept the complaint's factual allegations as true," it "need not accept as true legal conclusions couched as factual allegations."  *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at \*1 (E.D. Tex. Dec. 11, 2018*)* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Additionally, this Court can consider "matters of which a court may take judicial notice" in deciding a motion to dismiss.  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).  And when the allegations in a complaint are contradicted by evidence properly considered by the Court on a motion to dismiss, the evidence controls.  *See Apodaca v. Unknown Michael Unit 1-5*, No. 6:24CV368, 2024 WL 5690562, at \*7 (E.D. Tex. Dec. 2, 2024), *report and recommendation adopted*, No. 6:24-CV-368-JDK-JDL, 2025 WL 999701 (E.D. Tex. Apr. 1, 2025) (dismissing complaint where judicially noticeable facts contradicted plaintiff's allegations); *cf. U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) ("If … an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.").

Netlist's bare assertion that Micron Texas was engaged in infringing sales and distribution activities is a "legal conclusion[] couched as [a] factual allegation[]" that this Court need not accept as true.  *See Chapterhouse*, 2018 WL 6981828, at \*1.  Moreover, judicially noticeable facts demonstrate that Micron Texas did not commit, and could not have committed, acts of infringement on or after May 20, 2025.  In October 2023, Micron Texas was dissolved.  RJN Ex. 7.  The Idaho Secretary of State subsequently confirmed in May 2024 that the company was in

11

"Inactive-Dissolved" status.  RJN Ex. 8.  The Court can take judicial notice of Micron Texas's Secretary of State filings.  *See* RJN at 2.  As a dissolved company, Micron Texas "continue[d] after dissolution only for the purpose of winding up."  Idaho Code § 30-25-702(a).  As part of its winding up activities, Micron Texas was required to "discharge the company's debts, obligations, and other liabilities, settle and close the company's activities and affairs, and marshal and distribute the assets of the company."  Idaho Code § 30-25-702(b).  Netlist's assertion that Micron Texas was engaged in sales and distribution of the Accused HBM Products on or after May 20, 2025, plainly is not plausible in light of its corporate status.  *See* Idaho Code § 30-25-702(a); FAC ¶ 10.

Because Netlist has not plausibly alleged that Micron Texas has infringed the '087 patent on or after May 20, 2025, it also cannot maintain its related declaratory judgment claim against Micron Texas.  Netlist seeks a declaration that its assertion of the '087 patent against Micron Texas does not violate Idaho Code § 48-1703.  *See* FAC ¶ 63; Idaho Code § 48-1703 ("It is unlawful for a person to make a bad faith assertion of patent infringement ….").  If Netlist's infringement claim against Micron Texas is dismissed, it is no longer making any "assertion" of patent infringement and there is no basis for this Court to issue declaratory judgment regarding whether that assertion is in bad faith.

The Court should dismiss Netlist's claim for infringement of the '087 patent against Micron Texas, and its corresponding declaratory judgment claim, with prejudice under Rule 12(b)(6).  Micron demonstrated in its first motion to dismiss that Netlist's claims for infringement against Micron Texas were not plausible.  Netlist did not add a single allegation to the FAC to explain what acts of infringement Micron Texas committed on or after May 20, 2025.  Where a plaintiff has had an opportunity to amend its complaint to cure deficiencies, but fails to do so, dismissal

12

with prejudice is appropriate. *See, e.g.*, *Scott v. Pfizer Inc.*, 249 F.R.D. 248, 262 n.7 (E.D. Tex. 2008) (recognizing dismissal with prejudice is appropriate where "the pleader has had the opportunity to cure any deficiencies but either has not or cannot do so" (citation omitted)).

### C.    The Court Should Dismiss Netlist's Declaratory-Judgment Claim Under Idaho State Law For Lack Of Subject-Matter Jurisdiction.

Netlist's declaratory-judgment claim should be dismissed because Netlist has not pleaded a cognizable justiciable controversy under Idaho state law. To determine whether a declaratory judgment action satisfies Article III's case-or-controversy requirement, courts must look to whether "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). In particular, the "'immediacy and reality' inquiry can be viewed through the lens of [constitutional] standing.'" *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1338 (Fed. Cir. 2008). Where the basis for a declaratory-judgment claim is "the threat of future injury," the plaintiff must show that the "threat [is] real, imminent, and traceable to defendants." *Id.* at 1339. Netlist bears the "threshold burden of proving an immediate and real controversy." *Id.*

Netlist seeks a declaration that the infringement claim it brought in this case was not made in bad faith and thus does not violate the Idaho Bad Faith Assertions of Patent Infringement Act. FAC ¶¶ 17-18; Idaho Code § 48-1703 (prohibiting a "bad faith assertion of patent infringement in a demand letter, a complaint or any other communication"). The basis for that claim is only the threat of *future* injury; Netlist does not allege that Micron has already caused injury by bringing the Idaho state-law claim against Netlist on the '087 or '731 patents. Accordingly, Netlist must show that any threat of injury is "real, imminent, and traceable to defendants." *Prasco*, 537 F.3d at 1338. It cannot do so.

13

As an initial matter, Netlist does not allege that Micron has, in fact, asserted that Netlist's pursuit of infringement claims for the patents-in-suit violates Idaho Code § 48-1703. Instead, Netlist's basis for a declaratory judgment is its belief that "[i]t is only a matter of time before Micron" brings a claim under the Idaho statute. FAC ¶ 2. Netlist's mere anticipation that Micron will invoke the Idaho bad-faith statute in the future does not establish a real or imminent injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) ("[S]ome day intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be— do not support a finding of … 'actual or imminent' injury." (cleaned up)).

Moreover, Netlist has not identified any "affirmative act" that Micron has taken with respect to the patents-in-suit that makes any threat of injury to Netlist real, much less imminent. *See Prasco*, 537 F.3d at 1339 (requiring "some affirmative act" to establish a real and imminent injury); *see also id.* at 1341 ("failure to sign a covenant not to sue … is not sufficient to create an actual controversy—some affirmative actions by the defendant will also generally be necessary."). The FAC does not allege, for example, that Micron has sent a Rule 11 letter to Netlist in relation to the patents-in-suit or that Micron has filed an IPR petition challenging the patents-in-suit at the PTAB. In fact, at the time the FAC was filed, Micron could not have taken any affirmative actions with respect to the '087 patent because the patent did not exist before that time. *See* FAC ¶ 23; *Matthews Int'l Corp. v. Biosafe Eng'g, LLC*, 695 F.3d 1322, 1331 (Fed. Cir. 2012) (holding jurisdiction "depends upon the state of things at the time of the action brought") (citation omitted).

Netlist seems to suggest that Micron's prior suits "accusing Netlist of bad faith assertion of certain *other* Netlist patents under" Idaho law are enough to manufacture a controversy. FAC ¶ 2 (emphasis added). But those suits dealt with different patents and entirely different circumstances. Micron did not sue Netlist under Idaho's Bad Faith Assertions of Patent

Infringement Act for initiating or maintaining patent infringement actions against Micron until after the PTAB had determined that the patent claims at issue were unpatentable. *See* RJN Ex. 4 (Micron Idaho complaint on '833 patent) ¶¶ 22-35; *Id.* Ex. 5 (Micron Idaho complaint on '054 and '918 patents) ¶ 4; *Id.* Ex. 6 (Micron Idaho complaint on '506, '339, '060, '160, '912, and '417 patents) ¶¶ 4-11.  There have been no similar unpatentability determinations here, nor has Micron even challenged the validity of the patent-in-suit at the PTAB.  This difference is important given that the case-or-controversy analysis "must be calibrated to the particular facts of each case." *Prasco*, 537 F.3d at 1336 (citation omitted).

Because Netlist has identified no real or imminent injury, it has not stated a cognizable declaratory-judgment claim, and the Court lacks subject-matter jurisdiction over the claim.  The claim must therefore be dismissed under Rules 12(b)(1) and 12(b)(6).  And because Netlist has failed to add any allegations regarding its alleged injury, despite having an opportunity to do so after Micron identified these deficiencies in Netlist's declaratory judgment claim in Micron's first motion to dismiss, dismissal should be with prejudice.  *See, e.g.*, *Scott*, 249 F.R.D. at 262 n.7.

## IV.    CONCLUSION

For the foregoing reasons, the Court should dismiss Netlist's FAC in its entirety.

Dated:  July 22, 2025

Respectfully submitted,

*/s/ G. Blake Thompson*

G. Blake Thompson
Texas Bar No. 24042033
**MANN TINDEL THOMPSON**
112 East Line Street, Suite 304
Tyler, TX 75702
Tel: (903) 657-8540
Fax: (903) 557-6003
blake@themannfirm.com

Jared Bobrow (CA State Bar No. 133712)

15

Jason Lang (CA State Bar No. 255642)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025
Tel: (650) 614-7400
Fax: (650) 614-7401
jbobrow@orrick.com
jlang@orrick.com

Sarah K. Mullins (CA State Bar No. 324558)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-4572
Fax: (631) 790-4932
sarahmullins@orrick.com

*Attorneys for Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 22, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5.

*/s/ G. Blake Thompson*
G. Blake Thompson

16