UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. SAMSUNG SEMICONDUCTOR, INC., and AVNET, INC.,<br><br>        Defendants. | Civil No. 2:25-cv-00557-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| NETLIST, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS LLC, and AVNET, INC.,<br><br>        Defendants. | Civil No. 2:25-cv-00558-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

### SAMSUNG DEFENDANTS' MOTION TO AMEND IN PART THE DOCKET CONTROL ORDER

Defendants Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., and Samsung Electronics America, Inc. (collectively, "Samsung") respectfully move to amend in part the Docket Control Order (Dkt. 29). Samsung must obtain Ministry of Trade, Industry and Energy ("MOTIE") approval to export certain portions of the technical documentation that P.R. 3-4 requires be produced. Samsung moves to amend the DCO in part to permit Samsung to complete its P.R. 3-4(a) production ten days after obtaining export approval.

The current and proposed amended deadline is shown below.

| Current Date and Event | |
|---|---|
| September 24, 2025 | Comply with P.R. 3-3 & 3-4 (Invalidity Contentions) |
| **Proposed Dates and Events** | |
| September 24, 2025 | Comply with P.R. 3-3 and 3-4(b) (Invalidity Contentions and production of prior art references) (no change) |
| Ten days after MOTIE approves Samsung's application | Complete production of documentation pursuant to P.R. 3-4(a) |

As set discussed in detail below, good cause exists for amendment, and the proposed amendment at this early stage will not prejudice Netlist.

I.  BACKGROUND

Netlist filed its operative first amended complaint on July 8, 2025, accusing Samsung and Avnet, Inc. of infringing U.S. Patent Nos. 12,308,087 ("the '087 Patent") and 10,025,731 ("the '731 Patent"). Dkt. 14. Netlist alleges that Samsung high-bandwidth memory ("HBM") infringes the '087 patent, and that certain Samsung dual in-line memory modules ("DIMMS") infringe the '731 patent. *Id.* ¶¶ 30, 34. Netlist's infringement allegations for the '731 patent focus on a "Decision Feedback Equalizer" feature ("DFE") and "optimized on-die termination (ODT) technology" in the accused DIMMs. *Id.* ¶¶ 36–37; *id.* ¶ 34 (referring to "accused DDR5 memory modules with DFE and ODT/RTT circuitry").

1

This case is in its early stages, and the parties have already cooperated in amending the schedule. At Netlist's request, the parties successfully moved to extend the deadline for infringement contentions by two weeks, to July 16, 2025. Dkt. 13, 21, 29. Netlist served some, but not all, of its infringement contentions by the extended deadline. In particular, Netlist provided infringement contentions for Samsung on July 16, but none for Avnet, Inc. *See* Ex. Dkt. 65-5 (redacted excerpts from Netlist's infringement contentions for Samsung). Netlist served purported infringement contentions for Avnet, two months after the deadline for doing so, on September 12, 2025.

The DCO sets September 24, 2025 as the P.R. 3-3 and 3-4 deadline. Dkt. 29. P.R. 3-4(a) requires production of "[s]ource code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its P. R. 3-1(c) chart."

Netlist's contentions include accusations that Netlist omitted from the complaint, making it infeasible to seek MOTIE approval based on the complaint alone. For example, Netlist's contentions accuse DDR4 LRDIMMs of infringement, Dkt. 65-5 at 2–3, whereas the complaint did not allege that DDR4 products are infringing. Dkt. 14 ¶ 52. Netlist's contentions also accuse of infringement several form factors of DDR5 DIMMs that were not identified in the complaint. *Compare* Dkt. 65-5 at 2–3 (identifying six DDR5 DIMM form factors) *with* Dkt. 14 ¶ 52 (identifying only two DDR5 DIMM form factors). Moreover, Netlist's contentions identified over a hundred part numbers for allegedly infringing Samsung products, Dkt. 65-5 at 2–3, whereas the complaint did not set forth a comparable identification. *See* Dkt. 14.

Netlist's infringement contentions implicate technologies that the South Korean government, through MOTIE, regards as "National Advanced Strategic Technologies," requiring

export authorization. ▮

▮ Thus, confidential Samsung technical documentation disclosing these technologies cannot be exported prior to MOTIE approval. Not all technical documentation requires approval, and Samsung will be providing some of its P.R. 3-4(a) production on the current deadline set forth in the operative DCO.

Samsung promptly applied to MOTIE for export approval, notwithstanding delay by Netlist. When Netlist served its first batch of infringement contentions on July 16, it marked certain claim charts and its cover pleading as "Confidential – Attorneys' Eyes Only," meaning that significant portions of the infringement contentions were inaccessible to Samsung in-house personnel. Samsung's outside counsel promptly asked Netlist for a redacted version that could be shared with in-house personnel. But Netlist delayed responding until July 22, at which point Netlist finally confirmed that the claim charts could be shared with Samsung in-house personnel. Within approximately two weeks of gaining access to Netlist's claim charts, Samsung applied to MOTIE in early August. MOTIE accepted Samsung's application on August 12. MOTIE has not yet approved Samsung's application.

Samsung has apprised Netlist of MOTIE approval status, and will continue to do so. But to date, Netlist has not agreed to an extension of the P.R. 3-4(a) deadline for Samsung. On August

---

[1] Ex. 1 is a certified English translation of the Korean government webpage located at https://www.nis.go.kr/AF/1_5_3.do.

3

28, Samsung's counsel informed Netlist that disclosure of technical documentation pursuant to P.R. 3-4(a) requires approval by MOTIE. Ex. 2 at 2. Samsung asked for Netlist's consent to an extension of the deadline for P.R. 3-4(a) to ten days after MOTIE provides approval. *Id.* On September 8, Netlist asked when Samsung applied for approval. *Id.* at 1. In response, Samsung explained the timeline referenced above. *Id.* Netlist did not take a position on Samsung's request at that time and instead asked for "all the communications," *id.*, without describing if or how such "communications" would be relevant to any claim or defense in this action. Counsel for Samsung and Netlist further conferred on September 24, 2025, but were not able to reach agreement regarding an amendment to the DCO to permit Samsung to complete its P.R. 3-4(a) production after MOTIE provides approval.

Samsung will promptly update Netlist and the Court when MOTIE provides approval.

## II.   ARGUMENT

Federal Rule of Civil Procedure 16(b) allows a modification to a scheduling order upon a showing of good cause. Fed. R. Civ. P. 16. "The good cause standard requires the party seeking relief to show that, despite the exercise of diligence, it cannot reasonably meet the scheduling deadlines." *Ciena Corp. v. Nortel Networks Inc.*, 233 F.R.D. 493, 494 (E.D. Tex. Feb. 9, 2006) (citing *S & W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir.2003)). The Fifth Circuit has identified four factors that courts have broad discretion to consider when determining whether good cause exists for the extension: "(1) the explanation for the failure to [meet the deadline]; (2) the importance of the [modification of the deadline]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *TravelPass Group, LLC v. Caesars Entertainment Corporation*, 2020 WL 10963947, at *4 (E.D. Tex. Nov. 9, 2020) (modification in original) (citing *Reliance Ins. Co. v. The Louisiana Land &*

*Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

All of the factors favor Samsung's requested extension. First, Samsung's delay in producing certain technical documentation pursuant to P.R. 3-4(a) is due to export restrictions imposed by the South Korean government, with which Samsung must comply. Without governmental approval, Samsung cannot export documentation from South Korea without violating Korean law. Moreover, Samsung acted diligently in seeking the required export approval. It provided its application to MOTIE within approximately two weeks of Netlist allowing Samsung in-house personnel to access the infringement contentions. MOTIE accepted Samsung's application on August 12, and Samsung raised the issue of MOTIE approval with Netlist approximately two weeks later on August 28. In short, Samsung applied for MOTIE approval, had its application accepted, and informed Netlist about the pendency of the MOTIE application in less than a month. *See Motio, Inc. v. Avnet, Inc.*, No. 4:12-CV-647, 2015 WL 5952530, at *3 (E.D. Tex. Oct. 13, 2015) (finding good cause to amend invalidity contentions where the movant acted diligently by immediately informing the plaintiff of an additional prior art reference).

Second, production of Samsung technical documentation pursuant to P.R. 3-4(a) is important. Such documentation will address aspects of Samsung's products that are accused of infringement. Samsung should be permitted to produce documentation sufficient to show the operation of the accused functionalities in accordance with a workable deadline in the DCO. This Court has previously recognized that the pendency of a MOTIE application is an appropriate basis for later completion of a production under P.R. 3-4(a), so long as MOTIE approval is addressed well before trial and the documents at issue are produced promptly after approval. *See Pictiva Displays Int'l Ltd. v. Samsung Electronics Co., Ltd. et al.*, Case No. 2:23-cv-495-JRG (E.D. Tex.

5

Aug. 30, 2024, Dkt. 72) at 2. In *Pictiva*, this Court found no violation of P.R. 3-4(a) where Samsung was "actively seeking approval from the Korean government" to produce relevant technical documents and "the close of fact discovery [was] more than ten months away." *Id.* The Court directed Samsung to "promptly produce all relevant technical documents" after obtaining MOTIE approval. *Id.* Here, Samsung should similarly be permitted to produce documents as part of its P.R. 3-4(a) production promptly after obtaining approval from MOTIE.

Third, granting Samsung's request will not prejudice Netlist. Samsung is producing other technical documents, which do not require MOTIE approval, on the P.R. 3-4(a) deadline set forth in the operative DCO. Samsung does not seek any other DCO modification. The claim construction hearing is scheduled for September 25, 2026, a year from now. Dkt. 29. The parties complete fact discovery on October 26, 2026. *Id.* The next deadline in the DCO is eight months from now, with the deadline to exchange proposed terms for construction on May 22, 2026. *Id.*; *see Apex Beam Techs. LLC v. TCT Mobile Int'l Ltd.*, No. 2:21-CV-00438-JRG, 2024 WL 1744063, at *4 (E.D. Tex. Apr. 22, 2024) (finding a lack of prejudice and good cause for leave to file an amended complaint where the motion "was filed early in the case—over six months before the currently scheduled date for the claim construction hearing and well before the close of fact discovery").

Fourth, granting Samsung's request will not require a continuance. Jury selection is scheduled for March 15, 2027, Dkt. 29, allowing time for Samsung's pending MOTIE application approval.

In sum, all four factors favor a finding of good cause to grant Samsung's requested relief.

### III.   CONCLUSION

The Court should amend the DCO in part to permit Samsung to complete its P.R. 3-4(a) production 10 days after the date that MOTIE approves Samsung's application for export authorization.

Dated: September 24, 2025

Brian R. Nester
DC Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202)-662-6000

Thomas E. Garten
CA Bar No. 247122
tgarten@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: (415) 591-6000

Respectfully submitted,

*/s/ Melissa R. Smith*

Melissa Richards Smith
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:   (903) 934-9257

J. Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 North College Avenue, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Defendants Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., and Samsung Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 24, 2025, to all counsel of record via email.

*/s/ Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), counsel for the Samsung defendants met and conferred with counsel for Plaintiff, and counsel for Plaintiff indicated that Plaintiff is opposed to the relief sought by this Motion

*/s/ Melissa R. Smith*
Melissa R. Smith