IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., § § *Plaintiff*, § § v. § § SAMSUNG ELECTRONICS, CO., LTD., § SAMSUNG ELECTRONICS AMERICA, § INC., SAMSUNG SEMICONDUCTOR, § INC., and AVNET INC., § § *Defendants*. § | | CIVIL ACTION NO. 2:25-CV-00557-JRG (LEAD CASE) |
| NETLIST, INC., § § *Plaintiff*, § § v. § § MICRON TECHNOLOGY, INC., § MICRON SEMICONDUCTOR § PRODUCTS INC., MICRON § TECHNOLOGY TEXAS LLC, and § AVNET INC., § § *Defendants*. § | | CIVIL ACTION NO. 2:25-CV-00558-JRG (MEMBER CASE) |

## ORDER

Before the Court are Defendants Samsung Electronics America, Inc. and Samsung Semiconductor Inc.'s Motion to Dismiss for Improper Venue (Dkt. No. 65) and Samsung's Motion to Dismiss for Certain of Plaintiff's Infringement Claims Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 66) (the "Samsung Motions"), and Defendant Avnet, Inc.'s Partial Motion to Dismiss Netlist's First Amended Complaint (Dkt. No. 68) (the "Avnet Motion") (collectively, the "Motions"). In the Motions, Defendants Samsung Electronics America, Inc. and Samsung Semiconductor Inc.

(collectively, "Samsung") and Avnet, Inc. ("Avnet") seek to dismiss Plaintiff Netlist, Inc.'s ("Netlist") First Amended Complaint (Dkt. No. 14) for improper venue under Rule 12(b)(3) (Dkt. Nos. 65, 68) and failure to state a claim on which relief can be granted under Rule 12(b)(6) (Dkt Nos. 66, 68) of the Federal Rules of Civil Procedure. Since filing the Motions, Plaintiff has filed its Second Amended Complaint Against Samsung and Avnet. (Dkt. No. 81.)

It is well established that a later-filed amended complaint moots a motion asking the Court to dismiss an earlier-filed complaint. *See Griffin v. Am. Zurich Ins. Co.*, 697 F. App'x 793, 797 (5th Cir. 2017) ("Once filed, that amended complaint rendered all earlier motions … moot."); *see also Bishop Display Tech LLC v. Samsung Elecs. Co., Ltd.*, No. 2:21-cv-00139-JRG, Dkt. No. 40 (E.D. Tex. Oct. 4, 2021) ("Once Plaintiff filed its amended complaint, the Motion became moot."); *Ultravision Techs., LLC v. Eaton Corp. PLC*, No. 2:19-CV-00290-JRG, 2019 WL 11250161, at *1 (E.D. Tex. Nov. 7, 2019) ("Accordingly, the filing of an amended complaint moots a motion to dismiss the original complaint.").

Accordingly, the Court finds that the Motions (Dkt. Nos. 65, 66, 68) should be and hereby are **DENIED AS MOOT**.

**So ORDERED and SIGNED this 10th day of October, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE