# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § § § | |
| *Plaintiff*, | § § | **FILED UNDER SEAL** |
| v. | § § | CIVIL ACTION NO. 2:25-CV-00557-JRG |
| SAMSUNG ELECTRONICS, CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., and AVNET INC., | § § § § § § | (LEAD CASE) |
| *Defendants*. | § | |

| | | |
|---|---|---|
| NETLIST, INC., | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:25-CV-00558-JRG |
| MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS INC., MICRON TECHNOLOGY TEXAS LLC, and AVNET INC., | § § § § § § § § | (MEMBER CASE) |
| *Defendants*. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Compel Micron Defendants' Production and Responses to Plaintiff's Requests for Production and Interrogatories Nos. 1-5 (the "Motion") filed by Plaintiff Netlist, Inc. ("Plaintiff" or "Netlist"). (Dkt. No. 55.) Having considered the Motion, the Court finds that it should be **GRANTED-IN-PART** and **DENIED-IN-PART**.

## I. BACKGROUND

Plaintiff filed this action against Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC (collectively, "Micron") on May 19, 2025. (Case No. 2:25-cv-00558, Dkt. No. 1.) The case was consolidated with the above-captioned case on June 27, 2025. (Dkt. No. 10.) Micron filed a motion to dismiss for improper venue on July 22, 2025 (the "Motion to Dismiss") (Dkt. No. 28), and the Court granted limited venue discovery to be taken before Plaintiff responded to Micron's Motion to Dismiss (Dkt. No. 36). The current Motion followed. The Court held a hearing on the Motion on November 3, 2025.

## II. LEGAL STANDARD

As set out in Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Since the underlying question this discovery seeks to answer regards Micron's Motion to Dismiss, the relevance inquiry is guided by 28 U.S.C. § 1400(b), the governing venue statute. As set out by the Federal Circuit in *In re Cray*, the three requirements to show a defendant has a "regular and established place of business" in a judicial district, are: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

2

### III. ANALYSIS

Plaintiff requests that this Court compel Micron to produce additional documents and information in relation to five interrogatories and requests for production ("RFPs"). Each are discussed in turn below as they were raised in the Motion.

#### A. Interrogatory and RFP Nos. 1 and 2

Interrogatory and RFP No. 1 requested descriptions and documents concerning:

> [A]ll affiliations, connections, partnerships, contracts, relations, activities, or ties you have or had to the Eastern District of Texas, including but not limited to communications or agreements with employees, contractors, authorized manufacturer representatives (e.g., Ion Associates), authorized distributors (e.g., AVNet), retailers, shoppers, and consumers between May 19, 2025 and Present, and the person(s) most knowledgeable about this topic. (Dkt. No. 55 at 2.)

Interrogatory and RFP No.2 similarly requested descriptions and documents concerning:

> [A]ll Micron employees, contractors, authorized manufacturer representatives (e.g., Ion Associates), and authorized distributors (e.g., AVNet) that reside in or provide any service for or on behalf of Micron in the Eastern District of Texas, including, but not limited to, their name, title, residence, every location (by name and address, whether temporary or permanent, lease or owned, or otherwise available) where they could provide any services (e.g., Equinix facilities) within the Eastern District of Texas, and the person(s) most knowledgeable about this topic. (*Id*.)

Plaintiff alleges that while Micron has agreed to produced documents related to "its leases, relocation, failed attempts to sublease, and copies of its agreements with Equinix, AVNet, and ION Associates," it has refused to provide information on its connections and partnerships within EDTX, its connections with retailers, shoppers, and consumers in EDTX, and the entirety of their information relating to employees and contractors that reside in or provide services on behalf of Micron in EDTX. (*Id*. at 2-3.) Plaintiff asserts that these portions of their requests are "relevant to the determination of whether Micron has a regularly established place of business in the Eastern District or whether services are performed in this District on Micron's behalf." (*Id*. at 3.) In support of its position Plaintiff cites this Court's ruling on a motion to compel in *AGIS Software Dev. LLC*

3

*v. T-Mobile USA, Inc.*, where the Court ordered production of "employee owned and leased properties" and "all agreements, contracts, and documents relating to all business, services, transactions, and work delivered or performed for any customers… in the EDTX." No. 2:21-cv-00072, Dkt. No. 129, at 5, 8 (E.D. Tex. Aug. 20, 2021).

Micron responds that the mere contacts it maintains with the District are not relevant to the *Cray* factors inquiry, and that Plaintiff's requests are thus both irrelevant and overbroad. (Dkt. No. 61 at 1.) Micron further represents that the responses it has already made regarding these interrogatories show that Micron has moved out of its office in EDTX and is "actively attempting to sublease" it, such that it is clearly "not conducting any business from a physical location in the District." (*Id.* at 2.) Further, Micron asserts that the requested information regarding employee owned and leased properties in the District is not relevant because Micron does not pay for such spaces, unlike in *AGIS* (the authority Plaintiff relies on to make such a request). (*Id.* at 3.)

On these facts, the Court is satisfied that Micron has complied with Interrogatory and RFP Nos. 1 and 2 and provided all information that Plaintiff is entitled to seek from it. Micron is correct that under *Cray* "the regular and established place of business standard requires more than the minimum contacts necessary for establishing personal jurisdiction" such that requests for minimum contacts are not relevant to the venue inquiry. 871 F.3d 1361 (Fed. Cir. 2017) (internal citations omitted). Micron is further correct that this case is different from *AGIS*, where the Court found a discovery request regarding owned and leased employee property proper "with the caveat that it is explicitly limited to" property that "'[the defendant] reimburses, pays, or otherwise provides remuneration for.'" No. 2:21-cv-00072, Dkt. No. 129 at 5 (E.D. Tex. Aug. 20, 2021). As such, the Court finds that Micron has complied with Interrogatory and RFP Nos. 1 and 2. Plaintiff's requests for further production under Interrogatory and RFP Nos. 1 and 2 are **DENIED**.

4

## B. Interrogatory and RFP No. 3

Interrogatory and RFP No. 3 seek descriptions and documents concerning:

Micron's remote or hybrid work for employees in the Eastern District of Texas, including the policies or communications related to remote or hybrid work in the Eastern District of Texas, logs of all such remote or hybrid work such as remote login logs, all equipment provided to or expenses reimbursed by Micron employees to engage in such remote or hybrid work, and the person(s) most knowledgeable about such remote or hybrid work. (Dkt. No. 55 at 3.)

Micron has "generally describe[d] its remote work policies, identifie[d] four fully remote employees who reside and work in the Eastern District and 'do not receive any special expense reimbursements due to their remote status,' and produced three generic policy brochures on Micron's reimbursement policies for business phone and internet use." (*Id*. at 4.) Plaintiff contends however that "each unanswered portion of these requests is highly relevant to assessing whether the capacity by which Micron's remote and hybrid work employees perform their job functions rises to such a level to confer venue on Micron," because employees' homes can serve as places of business of the defendant on certain facts. *Id*.

Micron responds that it has already addressed the identity of its hybrid employees and equipment provided to hybrid employees in its productions, and that Plaintiff has failed to clarify what it is seeking regarding "remote login logs." (Dkt. No. 61 at 3-4.) Micron writes that "[i]f Netlist is asking Micron to tie employee IP addresses to physical locations in the District, Micron has already explained that it is not possible to do so because of limitations with IP Address lookup tools." (*Id*. at 4.)

At the hearing on the Motion, counsel for Micron stated that there are around 150 employees who formerly worked in Allen and that now work at the Richardson facility, and that Micron has not provided addresses or other information for these hybrid employees—in-depth information has only been supplied regarding the four fully remote employees. As such, the Court

5

finds that this section of the Motion is **GRANTED** and Micron must provide the same information on its hybrid employees in the Eastern District of Texas as it has provided on its fully remote employees. The rest of Netlist's requests under Interrogatory and RFP No. 3 are unavailing and are **DENIED**.

### C. Interrogatory and RFP No. 4

Interrogatory and RFP No. 4 seek descriptions and documents concerning:

Micron's relocation from the Allen Facility to the Richardson Facility, including describing the dates relocation began and ended, the reasons for that relocation, the terms of all lease agreements for the Allen Facility and Richardson Facility, the circumstances of that relocation (e.g., when signage was fully removed, when and how equipment and other materials were removed, when and how employees were transferred), an inventory of any remaining equipment or other materials that remained at the Allen Facility on May 19, 2025 to Present, the circumstances and dates of attempts to sublease the Allen Facility, all documents and communications reflecting this relocation, and the person(s) most involved in the decision to relocate and the relocation from the Allen Facility to the Richardson Facility. (Dkt. No. 55 at 4-5.)

Plaintiff states that Micron has produced the information discussed above in Interrogatory and RFP No. 1 regarding dates and information about relocation, but has failed to provide information about the circumstances, reasons, and communications surrounding relocation. (*Id*. at 5.) Plaintiff asserts that such information is highly relevant to venue in this litigation, since Micron has historically "repeatedly admitted that venue existed in Allen, Texas" and "touted its deep connections to this District at trial," such as in May 2024. (*Id*.) Plaintiff accuses Micron of making only "recent [and] ephemeral" connections with its new facility out of EDTX, potentially for the purpose of "frustrat[ing the venue statute] by deliberate attempts to manipulate venue." (*Id*. at 5-6, citing *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010).) Plaintiff therefore insists it is "entitled to the discovery sought by these requests to probe whether Micron's recent relocation is an improper attempt to manipulate venue." (*Id*. at 6.)

6

Micron responds that it has already provided a detailed declaration from John Becker, the Director of Global Workplace for Micron, who explained the timeline of Micron's move from its EDTX office and that such move included removing Micron signage and equipment and having employees work from home until the new facility out of this District was open. (Dkt. No. 61 at 4, citing Dkt. No. 28-11 at 1, 4-5.) Micron further asserts that the "reason" for Micron's move is not relevant to the *Cray* factor analysis and that Plaintiff is thus not entitled to discovery of the additional materials it seeks. (Dkt. No. 61 at 5.) Micron finally argues there is no credible way to read the record as indicating its relocation is "ephemeral" or "an artifact of litigation" as Plaintiff accuses, given the evidence that Micron has committed significant time and over $30 million to build out its new office, which is over 40,000 square feet and which Micron has leased until 2032, and the testimony from Mr. Becker that Micron has "no plans to reoccupy" the office in EDTX. (*Id.*)

Micron is correct that its long-term lease and significant expenditures directed towards its new space, as well as testimony that it has permanently left the old space, sets this case apart from cases where connections to a forum for purposes of manipulating venue viewed as ephemeral. *See, e.g., Zimmer Holdings*, 609 F.3d at 1381; *In re Microsoft Corp.*, 630 F.3d 1361, 1364-65 (Fed. Cir. 2011). However, at the hearing on the Motion, counsel for Netlist raised the issue that the agreements between Micron and Cushman & Wakefield (the firm hired to assist Micron with its move between facilities) which have currently been provided leave open some ambiguity and further questions for Netlist regarding the timeline and details of Micron's move from the Allen to the Richardson facilities. As such, the Court **ORDERS** that Micron must disclose for a two-hour deposition a person fully knowledgeable on the Micron/Cushman & Wakefield agreements. Beyond that, Plaintiff's request for further materials is **DENIED**.

7

### D. Interrogatory and RFP No. 5

Finally, Interrogatory and RFP No. 5 seek descriptions and documents concerning Micron Technology Texas LLC ("Micron Texas"):

[T]he dissolution of Micron Technology Texas LLC, including the reason for the dissolution, the transfer of any assets, liabilities, and materials of Micron Technology Texas LLC, the reassignment of any Micron Technology Texas LLC employees, the dates of those transfers or reassignments, the documents and communications reflecting or discussing that dissolution, and the person(s) most involved in the decision to dissolve Micron Technology Texas LLC. (Dkt. No. 55 at 6.)

Plaintiff presents similar arguments here as with Interrogatory and RFP No. 4 regarding Micron's refusal to provide documents or information about "the reason for the dissolution, the reassignment of any Micron Texas employees, and communications reflecting or discussing that dissolution." (*Id*. at 7.) It asserts that because Micron did not contest venue in previous litigation across 2021 to 2023, despite the production in this case showing Micron Texas has had no operating activity since December 2017, because Micron affirmed that it has "privilege concerns" about providing information on the dissolution of Micron Texas, and because Micron identified its senior direct of "licensing and litigation" as the person most knowledgeable about the dissolution of Micron Texas, that the dissolution of Micron Texas was likely designed at least in part to manipulate venue. (*Id*.)

Micron again responds that its reasons for dissolution are not relevant to the *Cray* factor analysis at hand. It asserts that it did not dispute venue in those prior cases because venue was at that time proper in EDTX, and that its production in the current case "refute[s] Netlist's speculation that Micron Texas is attempting to manipulate venue" by showing that Micron Texas has not operated since December 2017 (with its only activity between then and now being intercompany transactions). (Dkt. No. 61 at 6-7.) Micron further asserts that it has already produced the documents Plaintiff seeks regarding the reassignment of any Micron Texas employees. (*Id*. at 7.)

8

The Court finds that Plaintiff is not entitled to the additional materials it seeks. Micron has already offered to produce documents "'sufficient to show (a) documents filed with the Idaho Secretary of State or Texas Secretary of State reflecting the dissolution of Micron Technology Texas LLC and (b) Micron Technology Texas LLC's assets, liabilities, and income (if any) at the time Netlist filed its First Amended Complaint.'" (Dkt. No. 55 at 6.) Micron does not have to produce further information regarding its reasons for this dissolution, which has been taking place since 2017. As such and beyond the above, this request from Plaintiff is also **DENIED**.

### E. REQUESTS FOR ESI

Finally, in the last page of Micron's response brief and at the hearing the issue of ESI discovery was briefly addressed. (*See* Dkt. No. 61 at 7.) The Court finds that the issuance of an ESI order would be premature at this time. As such, the Court **DENIES WITHOUT PREJUDICE** that request with an eye towards a subsequent and timely motion focused on ESI discovery from the Parties.

### IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Plaintiff's Motion to Compel Micron Defendants' Production and Responses to Plaintiff's Requests for Production and Interrogatories Nos. 1-5 (Dkt. No. 55) as set forth above.

Given that the parties filed their briefing under seal, the Court files this opinion under seal as well. However, the parties are directed to jointly prepare a redacted version of this Order for public viewing and to file the same on the Court's docket as an attachment to a Notice of Redaction within five (5) business days of this Order.

## So Ordered this

**Nov 13, 2025**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE