# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| Plaintiff, | § § § | |
| v. | § § | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC.; AVNET, INC., | § § § § § | C.A. No. 2:25-cv-557-JRG JURY TRIAL DEMANDED |
| Defendants. | § § § | (Lead Case) |
| NETLIST, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § § | |
| MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., AND MICRON TECHNOLOGY TEXAS LLC; AVNET, INC., | § § § § § § | C.A. No. 2:25-cv-558-JRG JURY TRIAL DEMANDED (Member Case) |
| Defendants. | § | |

**AVNET'S REPLY BRIEF IN SUPPORT OF ITS
OPPOSED MOTION TO SEVER AND STAY**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

II.  ARGUMENT ...................................................................................................................... 1

    A.   Both Rule 21 Severance And Stay Factors Weigh In Favor Of Avnet. ................... 1

    B.   Netlist Fails To Rebut Avnet's Showing That The Traditional Stay Factors Weigh In Favor Of A Stay. ....................................................................................... 5

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cellular Commc'ns Equip. LLC v. HTC Corp.*,
  2015 WL 11118110 (E.D. Tex. Mar. 27, 2015) ....................................................................... 2

*Dali Wireless, Inc. v. AT&T Corp.*,
  2023 WL 2898423 (E.D. Tex. Apr. 8, 2023) ........................................................................... 4

*Erfindergemeinschaft Uropep GbR v. Eli Lilly and Company*,
  2016 WL 1659924 (E.D. Tex. Apr. 26, 2016) ......................................................................... 4

*Fractus, S.A. v. AT&T Mobility LLC*,
  2019 WL 3253639 (E.D. Tex. July 19, 2019) ......................................................................... 3

*Innovative Automation, LLC v. Audio Video & Video Labs, Inc.*,
  2012 WL 10816848 (E.D. Tex. May 30, 2012) ...................................................................... 2

*In re Nintendo of Am., Inc.*,
  756 F.3d 1363 (Fed. Cir. 2014) ............................................................................................... 5

*Mirror Worlds Techs., LLC v. Dell Inc.*,
  2014 WL 11268268 (E.D. Tex. Sept. 29, 2014) ...................................................................... 4

*Netlist, Inc. v. Micron Tech., Inc., et al.*,
  No. 2:22-cv-00294-JRG, Dkt. No. 11 ...................................................................................... 5

*Ross v. Estelle*,
  694 F.2d 1008 (5th Cir. 1983) ................................................................................................. 3

*SAS Inst. Inc. v. World Programming Ltd.*,
  2019 WL 8331447 (E.D. Tex. Apr. 4, 2019) ........................................................................... 2

*Shifferaw v. Emson USA*,
  2010 WL 1064380 (E.D. Tex. Mar. 18, 2010) ......................................................................... 4

*St, Lawrence Commc'ns LLC v. Apple Inc.*,
  2017 WL 3712912 (E.D. Tex. July 12, 2017) ......................................................................... 4

*Ultravision Techs., LLC v. Lamar Advert. Co.*,
  2017 WL 823419 (E.D. Tex. Mar. 2, 2017) ............................................................................. 4

**Other Authorities**

Fed. R. Civ. P. Rule 21 ................................................................................................................... 1

## TABLE OF EXHIBITS

**Mullins Declaration**

| Exhibit | Description |
|---|---|
| 1 | Plaintiff Netlist Inc.'s Disclosure of Asserted Claims and Infringement Contentions (Micron-558), dated July 16, 2025 [FILED UNDER SEAL] |
| 2 | Plaintiff Netlist Inc.'s Disclosure of Asserted Claims and Infringement Contentions (Micron/Avnet-558), dated September 12, 2025 [FILED UNDER SEAL] |
| 3 | Order Staying Case, Dkt. 133, *Secure Axcess, LLC v. Nintendo of Am. Inc.*, No. 2:13-CV-32-JRG (E.D. Tex. Feb. 10, 2014) |

**Foley Declaration**

| Exhibit | Description |
|---|---|
| A | Distribution Agreement between Avnet, Inc. and Micron Semiconductor Products, Inc., dated August 1, 2024 [FILED UNDER SEAL] |
| B | List of Micron Part Nos. Accused of Infringing U.S. Patent No. 10,025,731 |

I.      INTRODUCTION

Netlist's Opposition misrepresents Avnet's role in this case to further Netlist's venue manipulation scheme. If Avnet were truly critical to Netlist's case, Netlist would not have (1) left Avnet out of the case until Micron moved to dismiss for improper venue, *see* Mot. at 2; (2) left Avnet out of its past cases involving Micron products, *see infra* § II(B); or (3) neglected to include Avnet in its operative infringement contentions, *see* Mot. at 4. Because Netlist's claims against Avnet are peripheral to those against Micron and adjudication of the claims against Micron will resolve major issues, the Court should grant the Motion.

II.     ARGUMENT

A.      **Both Rule 21 Severance And Stay Factors Weigh In Favor Of Avnet.**

**Factor 1: Peripherality.** Netlist admits that "Avnet does not manufacture the Accused Products," and does not dispute that Avnet is not involved in the products' design. *See* Opp. at 4. Nor does it dispute that Micron has agreed to defend and indemnify Avnet. Mot. at 6. Netlist does not even dispute that Avnet does not sell **any** products accused of infringing the '087 patent or that it sells only a small fraction of the products accused of infringing the '731 patent.[1] *Id.* at 7. Those undisputed facts establish that Netlist's claims against Avnet are peripheral and weigh in favor of severance. *See id.* at 6-7. Netlist's arguments to the contrary fail.

First, Netlist asserts that its claims against Avnet are not peripheral because of Micron and Avnet's distribution relationship. *See* Opp. at 3-5. None of the activities to which it points—e.g., marketing, providing technical support, and training potential customers—bear on the key question of whether the accused Micron products contain each element of the claimed memory "module[s]" or "package[s]." *See* Dkt. 15 ("FAC") ¶¶ 24, 26. Those claims recite modules or packages that

---

[1] Netlist's contention that "[Avnet] offers at least eight of the twelve Accused Products" for sale is based on a page on Avnet's website that does not offer to sell any product. *See* Dkt. 124-6.

1

have a specific arrangement of components (e.g., dies, terminals, circuit boards, etc.). *See id.* Netlist does not dispute that Micron alone decides which components and features to include in its memory products. *See* Dkt. 99-5 ¶¶ 13-14. That Avnet educates its customers on techniques for designing ***the customers'*** systems that will incorporate memory modules, *see* Opp. at 5, does not mean that Avnet has any say in ***Micron's*** designs of those modules.

Second, Netlist suggests that Avnet's conduct is not peripheral because it "takes 'affirmative steps to integrate the accused' products into customer systems." Opp. at 6. But Netlist is not accusing Avnet's customers' systems of infringement. *See* Dkt. 100-2 at 3-6. The accused products are Micron memory modules, and details about systems into which Avnet's customers install those modules are peripheral to Netlist's theories. *See id.* Thus, decisions finding that a defendant's conduct is not peripheral to patent claims that target ***the combination*** of a manufacturer's product with a defendant's product or service are inapposite. *See* Opp. at 6; *Cellular Commc'ns Equip. LLC v. HTC Corp.*, 2015 WL 11118110, at *8 (E.D. Tex. Mar. 27, 2015) (claims against Carrier-Retailers not peripheral where "patented technology involves the interaction between Manufacturers' devices and Carrier-Retailers' networks"); *see also Innovative Automation, LLC v. Audio Video & Video Labs, Inc.*, 2012 WL 10816848, at *10 (E.D. Tex. May 30, 2012) (defendant not "mere reseller" where infringement claim was based on defendant's integration of manufacturer's product into its services).

Finally, Netlist asserts that its claims against Avnet are not peripheral because they are not "identical" to those against Micron. Opp. at 5. But the case on which Netlist relies is inapposite: there, "the manufacturer and non-manufacturer defendants are respectively accused of indirect and direct infringement of a method patent." *SAS Inst. Inc. v. World Programming Ltd.*, 2019 WL 8331447, at *2 (E.D. Tex. Apr. 4, 2019). Here, Netlist is not asserting any method claims, and

Netlist's allegations against Avnet and Micron are identical in all relevant respects. *See, e.g.*, FAC ¶¶ 52, 58; Dkt. 100-2 at Ex. A, 1. Netlist also asserts that its claims against Avnet are not peripheral because "most … of the Accused Products must be purchased from distributors, such as Avnet." Opp. at 1. This assertion is both unsupported and false. As the Foley Declarations show, Micron sells accused HBM Products directly to customers and does not make them available to distributors to sell. *See* Dkt 99-5 ¶ 10; Dkt. 69-1 ¶¶ 7-8, 20. The Court should disregard Netlist's unsupported attorney argument. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

**Factor 2: Resolution of "Major Issues."** Netlist contends that a stay is unwarranted because resolution of its claims against Micron will not resolve its claims against Avnet. Opp. at 7-9. But this is not the standard. Netlist's case against Micron "need only have the potential to resolve '*major issues*.'" *Fractus, S.A. v. AT&T Mobility LLC*, 2019 WL 3253639, at *2 (E.D. Tex. July 19, 2019) (emphasis added). And it does: it will resolve the issue of Avnet's direct infringement. Avnet's only accused sales are sales of Micron products, so the case against Micron will determine whether Avnet's sales directly infringe the asserted patents.

Netlist disputes that its claims against Micron will resolve whether Avnet directly infringes. Opp. at 7. But it does not, and cannot, explain why. Under Netlist's infringement theories, the accused products infringe at the moment Micron manufactures them. *See, e.g.*, Dkt. 100-2 at Ex. A, 6 (asserting accused products infringe as "manufactured"). No subsequent actions by Avnet are required to make the device "infringing." *See id.* If a jury finds that an accused Micron product infringes, Avnet's sales of that product (if any) would necessarily infringe. Avnet has agreed to be bound by such a judgment against Micron, so there would be no need for a separate trial to determine whether Avnet's sales of the same products infringe. Mot. at 7.

The cases that Netlist cites in which a court concluded that resolution of claims against a

3

manufacturer would not resolve claims against a retailer are readily distinguishable. *See* Opp. at 8-9 (citing *Erfindergemeinschaft, Dali,* and *Mirror World*). Because each involved method claims, resolving whether one defendant had performed each step could not resolve that issue for other defendants. *See id.* Here, there are no method claims at issue. Thus, if a jury concludes that the accused products infringe, Avnet has no unique defenses to direct infringement. This is not a situation where "some of the asserted claims are method claims that are infringed when the [accused products] are installed and used by [Avnet's] customers," or a situation where the accused products are systems in which Micron's products are only one component. *See Ultravision Techs., LLC v. Lamar Advert. Co.*, 2017 WL 823419, at *4 (E.D. Tex. Mar. 2, 2017).

With respect to indirect or willful infringement, Netlist has failed to show that the presence of those claims weighs against severance. Proving direct infringement is a necessary precondition to indirect or willful infringement, so resolving Netlist's claims against Micron necessarily will resolve a major issue for those claims. And because Netlist is alleging that Micron and Avnet engage in identical acts of indirect infringement, resolving its claims against Micron may resolve additional issues with respect to its claims against Avnet. FAC ¶ 59.

Even if there are factual issues unique to Netlist's indirect or willful infringement claims, that is not enough to deny severance. Indirect and willful infringement involve issues of knowledge or intent and necessarily raise unique issues for every defendant. Such claims have still not stopped this Court and others from granting motions to sever and stay. *See Shifferaw v. Emson USA*, 2010 WL 1064380, at *3 (E.D. Tex. Mar. 18, 2010) (severing and staying claims despite argument that "facts giving rise to the Retailer Defendants' … defenses to willful[ness] are personal to [those] Defendants"); *St, Lawrence Commc'ns LLC v. Apple Inc.*, 2017 WL 3712912, at *1 (E.D. Tex. July 12, 2017) (severing and staying direct and indirect infringement claims).

Arguing that *any* unique fact issues associated with a retailer or distributor preclude severance flies in the face of the Federal Circuit's precedent that severance should be used "to facilitate just, convenient, efficient, and less expensive determination" where a manufacturer is the "true defendant." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014).

> **B. Netlist Fails To Rebut Avnet's Showing That The Traditional Stay Factors Weigh In Favor Of A Stay.**

Netlist's arguments based on the traditional stay factors similarly lack merit.

Netlist first contends that Avnet has not "identified any likelihood of simplification." Opp. at 9. To the contrary, Avnet identified, and Netlist acknowledges in its Opposition, several currently pending issues which this Court can defer, and which may become moot, pending resolution of Netlist's claims against Micron. Mot. at 9; Opp. at 10.

Netlist next argues that the stage of the case and Avnet's supposed delay in bringing this motion weigh against a stay. Opp. at 11-12. Avnet did not delay in the least. It filed this motion less than two months after Netlist served it with infringement contentions. *See* Dkt. 100-2. And the case is still in its early stages. Avnet has produced less than 30 documents in this case and has not received *any* non-venue-related discovery requests from Netlist. Mullins Supp. Decl. ¶ 4. Trial is still more than a year away. *See* Dkt. 29.

Netlist also contends that it would suffer "severe[]" prejudice from severance and a stay. Opp. at 12-15. Its concerns are overblown and insincere. If adding Micron distributors were essential to Netlist's claims against Micron, Netlist would have sued Avnet or other distributors in its four prior cases against Micron. *See, e.g.,* C.A. No. 2:22-cv-294-JRG, Dkt. 11. That Netlist did not do so, and only added Avnet to this case after Micron moved to dismiss for improper venue, shows that Avnet's conduct is tangential at best. And Netlist's assertion that a stay would cause it prejudice because it is seeking injunctive relief is incorrect. No such request appears in the FAC.

5

Dated: December 17, 2025            Respectfully submitted,

            */s/ G. Blake Thompson*
**G. Blake Thompson**
Texas Bar No. 24042033
Blake@TheMannFirm.com
**MANN | TINDEL | THOMPSON**
112 East Line Street, Suite 304
Tyler, TX 75702
Tel: (903) 657-8540

Jared Bobrow (CA State Bar No. 133712)
Jason Lang (CA State Bar No. 255642)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025
Tel: (650) 614-7400
Fax: (650) 614-7401
jbobrow@orrick.com
jlang@orrick.com

Sarah K. Mullins (CA State Bar No. 324558)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-4572
Fax: (631) 790-4932
sarahmullins@orrick.com

*Attorneys for Defendant Avnet Inc.*

6

**CERTIFICATE OF SERVICE**

The undersigned certifies that on December 17, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5.

                                             */s/ G. Blake Thompson*
                                             **G. Blake Thompson**