# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:25-cv-557-JRG |
| vs. | ) |
| | ) **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD., | ) (Lead Case) |
| SAMSUNG ELECTRONICS AMERICA, | ) |
| INC., SAMSUNG SEMICONDUCTOR, | ) |
| INC.; AVNET, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:25-cv-558-JRG |
| vs. | ) |
| | ) **JURY TRIAL DEMANDED** |
| MICRON TECHNOLOGY, INC.; | ) (Member case) |
| MICRON SEMICONDUCTOR | ) |
| PRODUCTS, INC.; MICRON | ) |
| TECHNOLOGY TEXAS LLC; AVNET, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**NETLIST, INC.'S SUR-REPLY TO AVNET'S MOTION
TO SEVER AND STAY FROM NO. 25-CV-558 (DKT. 99)**

# **TABLE OF CONTENTS**

**Page**

I. ARGUMENT ................................................................................................................................ 1

    A. Netlist's Claims Against Avnet Are Not Peripheral to its Claims Against Micron & Severing Would Not Resolve Netlist's Overall Disputes With Avnet ............................................................................................................................. 1

    B. Avnet's Motion to Stay Should Be Denied ........................................................... 4

    C. Netlist Would Be Severely Prejudiced by Severing and Staying Avnet ........ 4

II. CONCLUSION ........................................................................................................................... 5

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Chrimar Sys., Inc. v. Adtran, Inc.*,
  No. 6:15-CV-00618-JRG, 2016 WL 11746525 (E.D. Tex. Dec. 28, 2016) ........................5

*In re Dell Inc.*,
  600 F. App'x 728 (Fed. Cir. 2015) ...................................................................................3

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
  No. 2:15-cv-00011-RSP, 2017 WL 5137401 (E.D. Tex. Nov. 4, 2017), *rev'd on
  other grounds*, 955 F.3d 1317 (Fed. Cir. 2020) ................................................................3

*Fractus, S.A. v. AT&T Mobility LLC*,
  No. 2:18-CV-00135-JRG, 2019 WL 3253639 (E.D. Tex. July 19, 2019) .........................2

*Freeny v. Apple Inc.*,
  No. 2:13-cv-00361-WCB, 2014 WL 3611948 (E.D. Tex. July 22, 2014) .........................4

*Image Processing Techs., LLC v. Samsung Elecs. Co.*,
  No. 2:20-CV-00050-JRG-RSP, 2020 WL 3315989 (E.D. Tex. June 18, 2020) ................3

*Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*,
  No. 2:21-CV-00113-JRG, 2022 WL 17484264 (E.D. Tex. July 7, 2022) ..........................5

*Monterey Rsch., LLC v. Renesas Elecs. Corp.*,
  No. 2:24-CV-00238-JRG, 2025 WL 611046 (E.D. Tex. 2025) ................................. 2, 3, 5

*In re Nintendo of Am., Inc.*,
  756 F.3d 1363 (Fed. Cir. 2014) .........................................................................................3

*RPost Holdings, Inc. v. DocuSign, Inc.*,
  No. 2:12-cv-683-JRG, 2013 WL 12334834 (E.D. Tex. Sept. 9, 2013) ..............................3

Avnet plays a central role in selling, offering for sale, and customer deployment of a huge swath of the accused memory products. This is not disputed. Importantly, Avnet has not moved to sever and stay itself from the Samsung-side of this litigation, and the accused Micron products it does sell are not sold directly to customers by Micron. Avnet thus possesses unique involvement regarding infringement and customer demand and partial severance and stay is not warranted.

I.      ARGUMENT

   A.   **Netlist's Claims Against Avnet Are Not Peripheral to its Claims Against Micron & Severing Would Not Resolve Netlist's Overall Disputes With Avnet**

Avnet does not dispute its close distribution relationship with Micron. Reply 1–2; Mot. 4. As Netlist already showed, Avnet works in close concert with Micron to sell, offer for sale, and use the Accused Products on Micron's behalf through marketing, sales, technical support, customer training, and customer implementation of the Accused Products.[1] Opp. 3–7; Dkt. 15, ¶¶ 17, 30, 58; Dkt. 15-15 (Avnet trains engineers on design techniques with Micron product); Mot. 4 (admitting Avnet advises customers on product design and use of memory modules). Avnet indisputably sells 8 of the 12 accused Micron products, which is hardly a "small fraction" as Avnet contends.[2] Reply 1. These accused Micron DDR memory products **must be purchased from its distributors like Avnet**. *See* Reply 3 (only disputing selling Micron's HBM products, not the other accused products). Avnet thus uniquely commits the infringing acts of sale, offers for sell, and use and, in addition, expressly induces its customers to infringe the asserted patents. The acts of infringement are thus not "identical" as Avnet contends nor is Avnet's inclusion somehow "venue manipulation." Reply 1, 4. Tellingly, Avnet does not meaningfully dispute that: (1) its participation is essential for proving Netlist's indirect

---

[1] The agreement to defend and indemnify Avnet (Reply 1; Mot. 6) and their use of common counsel just show even more the closeness of the relationship.

[2] Avnet in a footnote seems to distance itself from the page from its own website cited by Netlist as "not offer[ing] to sell any product" (Reply 1 n.1), but does not dispute it sells these products.

infringement allegations against Micron as the customer-facing entity that sells two-thirds of the accused products (Opp. 7–8; Dkt. 15, ¶¶ 48–49, 58–59; Mot 3 (admitting Avnet distributes 20 part numbers from infringement contentions)); and (2) that it has "unique knowledge and control over use of the accused products and customer demand" through its direct involvement in the design of its customers' products and use of memory modules (Opp. 4–5; Dkt. 15, ¶¶ 9, 17–18, 30, 58, 59, 61; Reply 2 (admitting Avnet "takes 'affirmative steps to integrate the accused' products into customer systems")).

In Response, Avent cites *Fractus, S.A. v. AT&T Mobility LLC* for the Court's consideration of the potential to resolve "major issues" with Micron in deciding whether to sever and stay Avnet. Reply 3. But *Fractus* supports denying Avnet's motion here. *Fractus* rejected an attempt to sever and stay a customer that sold more than one manufacturer's accused products. *Fractus, S.A. v. AT&T Mobility LLC*, No. 2:18-CV-00135-JRG, 2019 WL 3253639, at *2–6 (E.D. Tex. July 19, 2019) (denying severance when "a patent owner sues a manufacturer's customer for infringement based on both products sold by that manufacturer as well as products sold by unrelated manufacturers" because then "the customer is the true defendant, not any single manufacturer," and is not peripheral to the dispute (cleaned up)). Avnet is subject to suit for patent infringement claims for other manufacturers' products (Samsung) in this consolidated action and has not moved to sever and stay those proceedings beyond riding the coattails of Samsung's invocation of a stay pending the ITC investigation.

While Avnet suggests that the only reason to keep a distributor in a case is if there are method claims (Reply 4), this Court has recognized that attempts to sever and stay an alleged customer do not apply when "one combined action has been filed." *Monterey Rsch., LLC v. Renesas Elecs. Corp.*, No. 2:24-CV-00238-JRG, 2025 WL 611046, *2 & n.1 (E.D. Tex. 2025) ("The customer-suit exception typically arises when a patentee filed an action against the retailers of an accused product, after which the manufacturer of the product filed a declaratory judgment action against the patentee in a different

forum." (cleaned up)); *RPost Holdings, Inc. v. DocuSign, Inc.*, No. 2:12-cv-683-JRG, 2013 WL 12334834, at *1 (E.D. Tex. Sept. 9, 2013) (rejecting applying the customer-suit exception in a single action as "[t]his is not a situation of separate cases filed against the manufacturer and the customer defendants in different forums"). In *Monterey Research*, this Court also rejected a similar attempt to rely on *In re Nintendo of Am., Inc.*, 756 F.3d 1363 (Fed. Cir. 2014) (Reply 5) because the Federal Circuit had recognized that, unlike when there are separate customer litigations in parallel, stays are not "mandatory" against "a customer in the very same litigation that will, regardless of the requested stay, go forward against the supplier." *Monterey Rsch., LLC* , 2025 WL 611046, at *2 (quoting *In re Dell Inc.*, 600 F. App'x 728, 730 (Fed. Cir. 2015)).

At bottom, what Avnet seeks is to bifurcate this case to just its shared noninfringement defense with Micron at the expense of every other related issue, including those unique to Avnet regarding willful infringement, indirect infringement, and damages. Reply 3–4 ("Avnet has no unique defenses to direct infringement.") That is not the law. Indeed, this Court has repeatedly rejected attempts by defendants from bifurcating noninfringement like this. *See, e.g.*, *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-cv-00011-RSP, 2017 WL 5137401, at *6 (E.D. Tex. Nov. 4, 2017) (refusing to bifurcate issues because "a finding of infringement would require a second trial—an inefficient outcome given that evidence relevant to willfulness is intertwined with evidence of infringement and damages"), *rev'd on other grounds*, 955 F.3d 1317 (Fed. Cir. 2020); *Image Processing Techs., LLC v. Samsung Elecs. Co.*, No. 2:20-CV-00050-JRG-RSP, 2020 WL 3315989, *3 (E.D. Tex. June 18, 2020) (same, rejecting prior attempt by Samsung to bifurcate its noninfringement defense from willfulness as not serving judicial economy as it could require a second trial). Severing Avnet at this stage will all but guarantee a second trial on indirect infringement, willful infringement, and damages should Micron be found to infringe.

### B. Avnet's Motion to Stay Should Be Denied for Failing to Show Any Likelihood of Simplification and Unreasonable Delay

Avnet still has neither identified any **likelihood** of simplification nor any particular non-infringement position or invalidity argument Micron is raising that would lead to likely simplification. Instead, Avnet vaguely alleges to deferring "issues" in favor or unspecified noninfringement defenses. Reply 5. This, again, is impermissibly seeking bifurcation of noninfringement. But, at bottom, should Micron be found liable once again for infringement—which Avnet's motion gives no reason to doubt—Avnet will require a trial. Simplification weighs in favor of denying a stay.

Avnet also does not contest it could have but chose not to move to sever and stay sometime in the prior four months. Reply 5; Mot. 4. Now, this case has a trial date, discovery is underway, motions to dismiss are pending on the very issues Avnet seeks to sever (willfulness and inducement), and invalidity and infringement contentions have been served. Dkt. 124-01 (Henderson Decl.), ¶ 2; *see, e.g.*, Dkt. 69. *See generally Freeny v. Apple Inc.*, No. 2:13-cv-00361-WCB, 2014 WL 3611948, at *2 (E.D. Tex. July 22, 2014) ("The pattern of delay on [the movant]'s part cuts against granting a stay." (collecting cases)). Avnet's only response is to point to the receipt of Netlist's infringement contentions two months before it sought a stay and that it has only produced 30 documents and not received "any non-venue discovery requests." Reply 5. Avnet does not explain why it needed the infringement contentions to seek to sever and stay when the Complaint was clear on the accusations of infringement or why two months is a reasonable time to wait to move, after investing so much time in contentions and briefing. Moreover, the fact that Avnet has shirked its automatic discovery obligations in this District (Dkt. 51 at 3–4) and only produced 30 documents is Avnet's discovery failings and not something to be rewarded with a stay.

### C. Netlist Would Be Severely Prejudiced by Severing and Staying Avnet

Netlist explained the severe prejudice from severing and staying Avnet from this case, including forcing a second, delayed trial on infringement, inducement, and damages and forcing the

parties into inefficient, third-party discovery on evidence of this information that is uniquely in the hands of Avnet. *Monterey Rsch., LLC*, 2025 WL 611046, at *2–3 (holding a customer stay would "potentially delay the resolution of Plaintiff's claims" and "could likely force Plaintiff to litigate its infringement claims serially"). Avnet does not meaningfully respond to any of these concerns. Instead, Avnet dismissively labels these concerns "overblown" and "insincere." Reply 5. Beyond this rhetoric, Avnet's only argument is to point to Netlist's prior cases that did not involve Avent. *Id.* Avnet does nothing to compare those cases to this one and says nothing about prejudice *here*.

Finally, Netlist also explained that it was seeking "all equitable relief," which includes injunctive relief. Contrary to Avnet's position that no such request appears in the FAC (Reply 5), it is found in Dkt. 15 at 35. Moreover, Avnet simply ignores Netlist's cited case law that held that a delay in recovering damages is also unduly prejudicial. *Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, No. 2:21-CV-00113-JRG, 2022 WL 17484264, at *1–2 (E.D. Tex. July 7, 2022); *Chrimar Sys., Inc. v. Adtran, Inc.*, No. 6:15-CV-00618-JRG, 2016 WL 11746525, at *1 (E.D. Tex. Dec. 28, 2016) (injunctive relief not required for undue prejudice).

## II.    CONCLUSION

For the foregoing reasons, Netlist respectfully requests that the Court deny Avnet's motion to sever and stay.

Dated: January 7, 2026

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300

        Marshall, TX 75670
        Telephone: (903) 923-9000
        Facsimile: (903) 923-9099

        Jason G. Sheasby (*pro hac vice*)
        jsheasby@irell.com
        Andrew J. Strabone (*pro hac vice*)
        astrabone@irell.com
        Blair A. Silver
        DC Bar No. 1000372
        bsilver@irell.com
        Michael W. Tezyan (*pro hac vice*)
        mtezyan@irell.com
        Andrew H. Henderson (*pro hac vice*)
        dhenderson@irell.com
        **IRELL & MANELLA LLP**
        1800 Avenue of the Stars, Suite 900
        Los Angeles, CA 90067
        Tel. (310) 277-1010
        Fax (310) 203-7199

        ***Attorneys for Plaintiff Netlist, Inc.***

- 7 -

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 7, 2026, a copy of the foregoing was served to all counsel of record via the Court CM/ECF system.

*/s/ Andrew Henderson*
Andrew Henderson