IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC.; AVNET, INC., <br><br> Defendants. | Case No. 2:25-cv-557-JRG <br><br> **JURY TRIAL DEMANDED** <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC; AVNET, INC., <br><br> Defendants. | Case No. 2:25-cv-558-JRG <br><br> **JURY TRIAL DEMANDED** <br> (Member case) |

**SAMSUNG'S MOTION TO STAY**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

TABLE OF EXHIBITS ..................................................................................................................... iii

I. INTRODUCTION ................................................................................................................. 1

II. STATEMENT OF FACTS .................................................................................................... 1

III. LEGAL STANDARD ........................................................................................................... 2

IV. ARGUMENT ......................................................................................................................... 3

    A. Netlist Admits That Section 1659 Mandates a Stay of Claims Against Samsung. ................................................................................................................. 3

    B. Section 1659 Also Mandates a Stay of Claims Against Avnet. .............................. 4

V. CONCLUSION ...................................................................................................................... 5

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Certain Dynamic Random Access Memory (DRAM) Devices, Products Containing the Same, and Components Thereof,*
  Inv. No. 337-TA-1472 .................................................................................................. *passim*

*Evolved Wireless LLC v. Samsung Elecs. Co.,*
  No. 2-21-cv-00033-JRG, 2021 WL 7161368 (E.D. Tex. Mar. 10, 2021) .................................3

*In re Princo Corp.,*
  478 F.3d 1345 (Fed. Cir. 2007) ...............................................................................................3

**Statutes**

28 U.S.C. § 1659 ............................................................................................................... *passim*

## **TABLE OF EXHIBITS**

**Garten Declaration**

| Exhibit | Description |
|---|---|
| 1. | Netlist, Inc.'s Complaint filed in *Certain Dynamic Random Access Memory (DRAM) Devices, Prods. Containing the Same, & Components Thereof*, Inv. No. 337-TA-1472 (Sep. 30, 2025). |
| 2. | Notice of Institution, *Certain Dynamic Random Access Memory (DRAM) Devices, Prods. Containing the Same, & Components Thereof*, Inv. No. 337-TA-1472 (Dec. 29, 2025) |
| 3. | Plaintiff Netlist Inc.'s Disclosure of Asserted Claims and Infringement Contentions (Samsung-557), dated July 16, 2025 [FILED UNDER SEAL] |
| 4. | Plaintiff Netlist Inc.'s Disclosure of Asserted Claims and Infringement Contentions (Samsung/Avnet-557), dated September 12, 2025 [FILED UNDER SEAL] |
| 5. | Email Correspondence |

**I.     INTRODUCTION**

Pursuant to 28 U.S.C. § 1659(a), Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. (collectively, "Samsung") respectfully move to stay Plaintiff Netlist, Inc.'s ("Netlist's") patent infringement claims against Samsung and Avnet, Inc. ("Avnet"), pending the final disposition of an overlapping proceeding initiated by Netlist at the United States International Trade Commission ("ITC"), titled *Certain Dynamic Random Access Memory (DRAM) Devices, Products Containing the Same, and Components Thereof*, Inv. No. 337-TA-1472 ("1472 Investigation"), including any appeals therefrom.

Netlist acknowledges that Section 1659 mandates a stay of its claims against Samsung, but Netlist opposes a stay of its overlapping infringement claims against Avnet, a non-exclusive distributor of Samsung products. Section 1659 mandates a stay as to Avnet upon Samsung's request because Netlist's claims against Avnet involve the "same issues," including the ***same patents*** and ***same Samsung products***, as the ITC proceeding. By opposing a stay as to Avnet, Netlist seeks to force Samsung, through its customer, to defend against the same infringement claims simultaneously in this case and the ITC. Section 1659 was enacted precisely to avoid such duplicative litigation.

**II.    STATEMENT OF FACTS**

On May 19, 2025, Netlist filed its initial complaint in this action, alleging that Samsung infringes U.S. Patent No. 12,308,087. Dkt. 1, ¶ 1. On July 8, 2025, Netlist filed its first amended complaint, adding, *inter alia*, allegations that Samsung infringes U.S. Patent No. 10,025,731 and adding Avnet as a defendant. Dkt. 14, ¶ 1. Nearly three months later, on September 30, 2025, Netlist filed a complaint against Samsung and two of its customers, Google LLC and Super Micro Computer, Inc., in the ITC. Garten Decl., Ex. 1. In its ITC complaint, Netlist alleged infringement

1

of the '087 and '731 patents.[1] *Id.* at 3. On October 9, 2025, Netlist filed the operative second amended complaint in the present action, which continues to allege that Samsung and Avnet infringe the '087 and '731 patents. Dkt. 81, ¶ 1. On December 29, 2025, the ITC instituted the 1472 Investigation against Samsung on all asserted patents. Garten Decl., Ex. 2.

Although Netlist has now chosen to litigate its claims on the '087 and '731 patents at the ITC, it refuses to stay this action in its entirety pending final disposition of the ITC proceeding. Netlist's counsel has acknowledged that "Samsung has a statutory right to stay the patent claims in EDTX." Garten Decl., Ex. 5. Accordingly, Samsung understands that Netlist does not oppose the motion to stay as to Samsung. Netlist, however, does not agree to a stay of its claims against Avnet in this case.[2] *Id.*

## III.   LEGAL STANDARD

In 28 U.S.C. § 1659, Congress required a stay of a district court action running parallel to an ITC proceeding in certain circumstances. The statute provides:

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to ***any claim that involves the same issues*** involved in the proceeding before the Commission . . . .

28 U.S.C § 1659(a) (emphasis added).

---

[1] Netlist's ITC complaint also alleges infringement of U.S. Patent Nos. 12,373,366, 10,268,608, 10,217,523, and 9,824,035. *See* Garten Decl., Ex. 1 at 3. The '366 and '608 patents are currently asserted by Netlist against Samsung and Avnet in Case No. 2:25-cv-748-JRG. Samsung is filing a separate motion to stay Netlist's patent infringement claims in the -748 action.

[2] Samsung proposed a stay of Netlist's patent claims in this case and in Case No. 2:25-cv-748-JRG, in exchange for a stay of Samsung's declaratory judgment claims pending in Delaware. Netlist refused. Garten Decl., Ex. 5.

2

This stay is mandatory, as long as the party seeking the stay requests it within thirty days of the later of (1) the party being named a respondent in the ITC proceeding, or (2) the filing of the district court action. *Id*. § 1659(a)(1)–(2). The mandatory stay continues until "the Commission proceedings are no longer subject to judicial review," including "appellate review." *In re Princo Corp.*, 478 F.3d 1345, 1355, 1357 (Fed. Cir. 2007).

IV.    **ARGUMENT**

This case must be stayed because Netlist has chosen to pursue its claims that the Samsung accused products infringe the '087 and '731 patents at the ITC. The mandatory stay provided by 28 U.S.C. § 1659(a) applies equally to Samsung and Avnet, because Netlist's claims against them "involve[] the same issues" that Netlist is now pursuing in the 1472 Investigation.

   A.    **Netlist Admits That Section 1659 Mandates a Stay of Claims Against Samsung.**

As Netlist acknowledges, Samsung is entitled to a stay under Section 1659(a). Each of the requirements of the statute is met here. *First*, the complainant in the 1472 Investigation is Netlist—the Plaintiff in this action—and the respondents include Samsung. Dkt. 81, ¶ 1; Garten Decl., Ex. 1, ¶¶ 1, 5. *Second*, Netlist alleges infringement of the same two patents—*i.e.*, the '087 and '731 patents—by the same Samsung products in both this case and the 1472 Investigation. *Compare* Garten Decl., Ex. 1, ¶¶ 6–7 *with* Ex. 3 at 2–6. Thus, Netlist's claims against Samsung "involve[] the same issues" as the claims in the 1472 Investigation. *See, e.g.*, *Evolved Wireless LLC v. Samsung Elecs. Co.*, No. 2-21-cv-00033-JRG, 2021 WL 7161368, at *1 (E.D. Tex. Mar. 10, 2021) (the "same-issues" requirement is met because "all patents-in-suit . . . are the subject of . . . infringement allegations in the ITC Action"). *Third*, Samsung is filing the present motion within 30 days of the ITC's institution of the 1472 Investigation on December 29, 2025. Garten Decl., Ex. 2. This motion is therefore timely. *See Evolved Wireless*, 2021 WL 7161368, at *1 (motion to stay was timely because "Defendants . . . filed their [m]otion within thirty days of the

3

ITC's institution"). Accordingly, Netlist's claims against Samsung must be stayed pending final disposition of the 1472 Investigation.

### B. Section 1659 Also Mandates a Stay of Claims Against Avnet.

Netlist's claims against Avnet also must be stayed pursuant to Section 1659(a). For the same reasons set forth above, the three requirements of the statute are satisfied: (1) this action "involv[es] parties that are also parties to a proceeding before the [ITC]" (*i.e.*, Netlist and Samsung); (2) Netlist's claims against Avnet "involve[] the same issues" that Netlist is now pursuing in the 1472 Investigation—namely, whether Samsung's accused products infringe the '087 and '731 patents, *compare* Garten Decl., Ex. 1, ¶¶ 6–7 *with* Ex. 4 at 2–6; and (3) Samsung, a respondent in the 1472 Investigation, has made a timely request—through this motion—to stay Netlist's claims against Avnet.

Nothing in the statute limits the mandatory stay to defendants in the district court action that are also respondents in the ITC proceeding. Rather, the language is clear that the stay applies to "any claim that involves the same issues involved in the proceeding before the Commission." 28 U.S.C. § 1659(a). That plainly encompasses Netlist's claims against Avnet because, to demonstrate that Avnet infringes, Netlist must first show that Samsung's accused products infringe—which Section 1659 prohibits now that Samsung has invoked its mandatory right to stay.

Netlist's insistence on pursuing its claims against Avnet runs contrary to the purpose of the statute. Section 1659(a) was introduced so that "importers or producers of imported goods" would not "have to defend their products simultaneously before the ITC and in Federal district court." S. Rep. 103-412 at 121. To permit Netlist's claims against Avnet in this case to continue would nullify Samsung's statutory right to a stay by forcing it to litigate the same infringement claims simultaneously in the 1472 Investigation and this action. Such a ruling would provide an end-run around Section 1659, allowing parties to maintain simultaneous suits in the ITC and district court

4

by suing a respondent's customer over their use or resale of the respondent's products. Accordingly, Section 1659 mandates a stay as to Avnet.

## V. CONCLUSION

For the foregoing reasons, the Court should stay this action in its entirety, including all claims asserted against Samsung and Avnet, pursuant to 28 U.S.C. § 1659(a) and pending the final disposition of the 1472 Investigation, including any appeals therefrom.

| | |
|---|---|
| Date: January 28, 2026 | Respectfully submitted, |
| | /s/ Thomas E. Garten |
| Brian R. Nester<br>DC Bar No. 460225<br>bnester@cov.com<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, DC 20001-4956<br>Telephone: (202) 662-6000<br><br>Thomas E. Garten<br>CA Bar No. 247122<br>tgarten@cov.com<br>COVINGTON & BURLING LLP<br>Salesforce Tower<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105-2533<br>Telephone: (415) 591-6000 | Melissa Richards Smith<br>melissa@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone:  (903) 934-8450<br>Facsimile:   (903) 934-9257<br><br>J. Travis Underwood<br>Texas Bar No. 24102587<br>travis@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>102 North College Avenue, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>*Attorneys for Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Semiconductor, Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on January, 28, 2026.

/s/ Thomas E. Garten

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Samsung met and conferred with counsel for Netlist. Counsel for Netlist stated that "Samsung has a statutory right to stay the patent claims in EDTX" and, accordingly, Netlist "hold[s] no position with respect to Samsung's standalone motion to stay those claims." Samsung, therefore, understands that Netlist does not oppose the motion to stay Netlist's patent claims against Samsung pursuant to 28 U.S.C. § 1659. Counsel for Netlist stated that it opposes any motion to stay Netlist's claims against Avnet.

/s/ Thomas E. Garten