UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC.; AVNET, INC., <br><br> Defendants. | Case No. 2:25-cv-557-JRG <br><br> **JURY TRIAL DEMANDED** <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC; AVNET, INC., <br><br> Defendants. | Case No. 2:25-cv-558-JRG <br><br> **JURY TRIAL DEMANDED** <br> (Member case) |

**NETLIST, INC.'S SUR-REPLY TO SAMSUNG'S
MOTION TO DISMISS (DKT. 121)**

# **TABLE OF CONTENTS**

**Page**

I. ARGUMENT ........................................................................................................................1

    A. The Court Need Not Reach this Pre- vs. Post-Suit Determination ............................1

    B. Samsung Does Not Dispute it Had Pre- and Post-suit Knowledge of the '087 and '731 Patents for both Indirect and Willful Infringement ..............................2

    C. Netlist Adequately Pled Knowledge of Infringement for Both Patents ....................3

    D. There Is No "Culpable Conduct" Pleading Standard for Willful Infringement ................................................................................................................5

II. CONCLUSION ....................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adv. Coding Techs. LLC v. Google LLC*,
   759 F.Supp.3d 755 (E.D. Tex. 2024) ................................................................................... 5

*Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*,
   No. 2:21-cv-172-JRG, 2022 WL 610796 (E.D. Tex. Jan. 24, 2022) .................................. 2, 5

*Daedalus Prime LLC v. MediaTek, Inc.*,
   No. 2:24-cv-235-JRG, 2025 WL 825188 (E.D. Tex. Mar. 12, 2025) ................................... 5

*Dialect, LLC v. Bank of Am., N.A.*,
   No. 2:24-cv-207-JRG, 2024 WL 4980794 (E.D. Tex. Dec. 4, 2024) ................................ 2, 5

*Flypsi, Inc. v. Google LLC*,
   No. 6:22-cv-31-ADA, 2022 WL 3593053 (W.D. Tex. Aug. 22, 2022) ................................ 2

*Funk v. Stryker Corp.*,
   631 F.3d 777 (5th Cir. 2011) ................................................................................................ 1

*NetSocket, Inc. v. Cisco Sys., Inc.*,
   No. 2:22-CV-172-JRG, 2023 WL 11987208 (E.D. Tex. Aug. 25, 2023) ......................... 1, 2

*NXP USA Inc. v. MediaTek Inc.*,
   No. 2:21-cv-318-JRG, 2022 WL 799071 (E.D. Tex. Mar. 15, 2022) ............................... 2, 5

*RightQuestion, LLC v. Samsung Elecs. Co.*,
   No. 2:21-CV-238-JRG, 2022 WL 507487 (E.D. Tex. Feb. 18, 2022) .................................. 1

*Smith v. Garlock Equip. Co.*,
   658 Fed. Appx. 1017 (Fed. Cir. 2016) .................................................................................. 3

*SynQor, Inc. v. Artesyn Techs., Inc.*,
   No. 2:07-CV-497-TJW-CE, 2011 WL 3624957 (E.D. Tex. Aug. 17, 2011), *aff'd*,
   709 F.3d 1365 (Fed. Cir. 2013) ............................................................................................ 4

This Court has repeatedly held that differentiating between pre-suit and post-suit at this early stage is premature. Even so, Samsung does not dispute that, prior to filing: (1) Samsung was aware of the '087 Patent and '731 Patent; (2) Samsung actively monitored Netlist's patents, including specifically the '731 Patent and '087 Patent.; and (3) Samsung has a policy and practice of willfully blinding itself to infringement of known patents. We know Samsung had knowledge of the patents and infringement because Samsung actively prepared its declaratory judgment complaints for both patents,[1] including filing one within 40 minutes of the '087 Patent issuing. The Court should deny Samsung's motion.

I. ARGUMENT

A. The Court Need Not Reach This Pre- vs. Post-Suit Knowledge Determination

This Court has repeatedly and unequivocally held that it is "premature at this early [motion to dismiss] stage in the proceedings to distinguish between pre-suit and post-filing conduct" where "Defendants had knowledge of the Asserted Patents for at least some time during the infringement period." *See RightQuestion, LLC v. Samsung Elecs. Co.*, No. 2:21-CV-238-JRG, 2022 WL 507487, at *3 (E.D. Tex. Feb. 18, 2022) (quoting *BillJCo, LLC v. Cisco Sys., Inc.*, No. 2:21-cv-183, 2021 WL 6618529, at *6 (E.D. Tex. Nov. 30, 2021)) (collecting cases); *NetSocket, Inc. v. Cisco Sys., Inc.*, No. 2:22-CV-172-JRG, 2023 WL 11987208, at *2–3 (E.D. Tex. Aug. 25, 2023). While Samsung alleges these dealt only with "post-suit willful and indirect infringement" (Reply 3–4), this is false. *NetSocket, Inc.*, 2023 WL 11987208, at *2–3 (dismissal of pre-suit knowledge was premature when there is an allegation of pre-suit knowledge and undisputed post-suit knowledge). This Court expressly rejected this argument when Samsung raised it in *RightQuestion*. *RightQuestion*, 2022 WL 507487, at *2–3 ("Samsung argues that the filing of the Complaint cannot serve as notice of the Asserted Patents for pre-suit infringement . . . . [T]he Court will not distinguish between pre and post-suit inducement at the

---

[1] Samsung's declaratory judgment filings should not just be ignored. Reply, 1, 3. This Court can take judicial notice of public filings. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

pleadings stage."). While Samsung points to the Court dismissing pre-suit indirect and willful infringement in *NXP* and *Arigna* (Reply 4), "in such cases, the dismissals were based on a plaintiff's admission that it did not intend to seek pre-suit claims or based on the complete absence of allegations of pre-suit knowledge in the complaint." *NetSocket, Inc.*, 2023 WL 11987208, at *3 (citing *NXP USA Inc. v. MediaTek Inc.*, No. 2:21-cv-318-JRG, 2022 WL 799071, at *3 (E.D. Tex. Mar. 15, 2022)); *see also Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, No. 2:21-cv-172-JRG, 2022 WL 610796, at *6–7 (E.D. Tex. Jan. 24, 2022) (dismissing pre-suit willfulness because of "a total absence of facts in the Complaint to suggest . . . pre-suit knowledge"). Contrary to Samsung's representation, this Court declined to dismiss an attack on pre-suit knowledge for indirect infringement based on filing of the Complaint. *Arigna Tech.*, 2022 WL 610796, at *4 ("[T]he Court declines to dismiss Arigna's indirect infringement claims on the grounds that the Complaint failed to allege pre-suit knowledge.").

   **B. Samsung Does Not Dispute It Had Pre-Suit Knowledge of the '087 and '731 Patents for Both Indirect and Willful Infringement**

Samsung does not contest that it was aware of the '087 Patent prior to filing. Reply 2–3. Samsung has been monitoring this specific portfolio and application since August 2022. SAC ¶ 27. Samsung was also found to willfully infringe two related patents against the same accused products. *Id.* ¶ 32. Samsung's case law confirms that "a party's exposure to a patent application may give rise to knowledge of a later issued patent." *Flypsi, Inc. v. Google LLC*, No. 6:22-cv-31-ADA, 2022 WL 3593053, at *5 (W.D. Tex. Aug. 22, 2022) (quoting *Maxell Ltd. v. Apple Inc.*, No. 5:19-CV-36-RWS, 2019 WL 7905455, at *5 (E.D. Tex. Oct. 23, 2019)).[2] Indeed, Samsung was in the process of finalizing its own declaratory judgment complaint of non-infringement on the same patent within 40 minutes of the

---

[2]  *Flypsi* had no pleading of knowledge. *Flypsi*, 2022 WL 3593053, at *5 ("None of the allegations allege that Google had actual knowledge of the patents."). Samsung's "general knowledge" case dealt with a prior owner's presentation that did not mention the patents. *Dialect, LLC v. Bank of Am., N.A.*, No. 2:24-cv-207-JRG, 2024 WL 4980794, at *3 (E.D. Tex. Dec. 4, 2024). Its other cases—*De La Vega*, *Welker Bearing*, and *Rotor Blade* (Reply 2)—did not address pre-suit knowledge.

'087 Patent issuing. *See* Compl., *Samsung Elecs. Co. v. Netlist, Inc.*, C.A. No. 25-626 (D. Del. May 20, 2025), Dkt. Nos. 1-1, 11. The brief pre-suit period does not change that Samsung willfully and indirectly infringed Netlist's patent during that time.[3]

Samsung also tellingly does not dispute that it had pre-suit knowledge of the '731 Patent. Contrary to Samsung's briefing (Reply 2–3 & n.4), this is also not just "general knowledge" of a portfolio. Instead, Netlist pled specifically "pre-suit knowledge of the '731 Patent . . . as early as November 18, 2015 in connection with the parties' JDLA" that specifically included the application number for the '731 Patent (SAC Ex. 15 at 1, 3) and "knowledge of the '731 Patent on August 2, 2021 through Samsung's access to Netlist's patent portfolio docket . . . in connection with the litigation between Netlist and Samsung in the Central District of California," which included a list of patents and applications that included the '731 Patent (SAC Ex. 14 at 4). SAC ¶¶ 24–25.

Samsung admitted on July 11, 2025, in its declaratory judgment suits in Delaware that it was actively monitoring a number of Netlist's applications for weeks to prepare declaratory judgement filings. Samsung's Opp'n Br. at 5 & n.2 *Samsung Elecs. Co. v. Netlist, Inc.*, C.A. No. 23-1122 (D. Del. July 11, 2025), Dkt. No. 30 ("Samsung intends to file . . . a claim for declaratory judgment of non-infringement of any patent that issues from [Netlist's] '017 application" and "'797 application."); Opp. Ex. 1 at 1 ("Samsung intends to . . . amend its Complaint in C.A. No. 25-626 … to add declaratory judgment claims regarding U.S. Patent No. 10,025,731 and U.S. Patent No. 12,373,366.").

### C. Netlist Adequately Pled Knowledge of Infringement for Both Patents

Netlist's allegations demonstrate pre-suit knowledge and must be accepted at this pleading

---

[3] Samsung alleges without explanation that "an advertisement" is not an "offer for sale." Reply 2 n.3. Samsung is an adjudicated infringer of the accused products and is not seriously contesting it does not make, use, sell, offer to sell, and/or import these products. *Smith v. Garlock Equip. Co.*, 658 F. App'x 1017, 1027–29 (Fed. Cir. 2016) (cited by Samsung) dealt with a magazine ad that did not show whether two separate accused components were being offered for sale "collectively."

stage, including knowledge of both the patent and infringement. SAC ¶¶ 24–28. Samsung is an "adjudicated willful infringer" of Netlist's patents for the accused products for both patents and even two patents directly related to the '087 Patent. Reply 4–5 (citing Opp. 1, 3, 4); SAC ¶¶ 15, 32. This strongly supports a claim for pre-suit willfulness. *SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-CV-497-TJW-CE, 2011 WL 3624957, at *4, 7 (E.D. Tex. Aug. 17, 2011) ("[Defendant] would have recognized that a continuation application could potentially be filed" on the parent patent), *aff'd*, 709 F.3d 1365 (Fed. Cir. 2013). Whether later IPRs invalidated some of those patents (Reply 4–5) does not change that Samsung was on notice of the patent family and its significant risk of infringement.

Samsung also does not substantively dispute Netlist's pleadings of willful blindness. SAC ¶ 28. Specifically, "Samsung has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Netlist's patent rights." *Id.* (quoting testimony of Samsung witnesses at *Samsung I*, Dkt. 490, 638:23-639:4, 661:9-11; *Samsung II*, Dkt. 875, 341:12-22). Netlist plausibly pled that Samsung was "willfully blind" to its infringement of the two asserted patents "by deliberately avoiding investigating Netlist's patents and/or instructing its employees not to investigate Netlist's patents." *Id.*

Finally, if there were any doubt, Samsung prepared and filed declaratory judgment complaints of non-infringement of both asserted patents, evidencing its clear knowledge of the patents as well as infringement, including one against the '087 Patent within 40 minutes of the patent issuing.[4]

---

[4] Samsung argues for the first time in reply that Netlist did not sufficiently plead "specific[] inten[t] to induce infringement" or "supplying a component knowing that it is especially adapted to infringe" for contributory infringement. Reply 4. These reply arguments are waived. Yet Netlist specifically pled Samsung intended to induce infringement of end users, customers, distributors (like Avnet), and U.S.-based sales entities by, *e.g.*, providing "specifications, datasheets, instruction manuals, and/or other materials that encourage and facilitate infringing use of" the accused products "in a manner that it knows or should have known would result in infringement and with the intent of inducing infringement" and by "encouraging and facilitating infringement . . . by others," such as its "distributors or U.S.-based sales entities," like Avnet, "knowing that these entities intend to" commit infringing acts like sales. SAC ¶¶ 52, 64. Netlist also pled that Samsung

### D. There Is No "Culpable Conduct" Pleading Standard for Willful Infringement

Samsung's suggestion that Netlist needs to plead "culpable conduct" for willful infringement based on the 2021 *Fractus* case was rejected by this Court as inconsistent with Supreme Court precedent. Opp. 5 (citing *Arigna*, *Touchstream*, *NXP*). Samsung's cases agree. *Dialect*, 2024 WL 4980794, at *4 ("[*Fractus*] predates this Court's decisions rejecting arguments that the plaintiff must allege facts raising a plausible inference of egregious or culpable conduct at the 12(b)(6) stage." (citing *Arigna*, *Touchstream*, *NXP*)).[5] Samsung tries to differentiate "culpable conduct" from "egregious behavior (*e.g.,* wanton, malicious, bad-faith conduct)," but never explains the difference. Reply 5. They are the same, and neither are required at the pleading stage. Opp. 5 (citing *Arigna*, *Touchstream*, *NXP*); *Adv. Coding Techs. LLC v. Google LLC*, 759 F.Supp.3d 755, 760 (E.D. Tex. 2024) ("As this Court has routinely held, 'a plaintiff need not plead facts demonstrating egregious [*i.e.*, "culpable"] conduct to establish a claim for willful infringement at the 12(b)(6) stage.'" (alteration in original) (quoting *Touchstream*)).

## II. CONCLUSION

Netlist requests that the Court deny Samsung's motion. If the Court is inclined to grant Samsung's motion, Netlist requests leave to amend after discovery to show, in more detail, Samsung's pre-suit knowledge as Samsung's own case law supports. *Flypsi,* 2022 WL 3593053, at *7 (granting leave pending discovery); *Daedalus*, 2025 WL 825188, at *2; *Dialect*, 2024 WL 4980794, at *6.[6]

---

contributed to the infringement of users, customers, and distributors because the accused products "have no substantial noninfringing use, and constitute a material part of the patented invention" and that "Samsung is aware" its products may be covered by the asserted claims. *Id.* ¶¶ 53, 65.

[5] *Daedalus* (Reply 5) cited *Fractus* and the culpable conduct standard in its legal background but did not make any findings about "culpable conduct," focusing instead on "notice of the alleged infringement" based on an unserved complaint. *Daedalus Prime LLC v. MediaTek, Inc.*, No. 2:24-cv-235-JRG, 2025 WL 825188, at *2 (E.D. Tex. Mar. 12, 2025).

[6] Samsung's "futility" case dealt with adding a license defense that had already been rejected. *Eidos Display, LLC v. AU Optronics Corp.*, 2017 WL 11917958, at *2 (E.D. Tex. Feb. 7, 2017).

| | |
|---|---|
| Dated: February 2, 2026 | Respectfully submitted, |
| | /s/ *Andrew H. Henderson* |
| | Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason G. Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Andrew J. Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Blair A. Silver<br>DC Bar No. 1000372<br>bsilver@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br>Andrew H. Henderson (*pro hac vice*)<br>dhenderson@irell.com<br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>***Attorneys for Plaintiff Netlist, Inc.*** |

- 7 -

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 2, 2026, a copy of the foregoing was served to all counsel of record via the Court CM/ECF system.

*/s/ Andrew Henderson*
Andrew Henderson
