UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC.; AVNET, INC., <br><br> Defendants. | Case No. 2:25-cv-557-JRG <br><br> **JURY TRIAL DEMANDED** <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC; AVNET, INC., <br><br> Defendants. | Case No. 2:25-cv-558-JRG <br><br> **JURY TRIAL DEMANDED** <br> (Member case) |

**PLAINTIFF NETLIST INC.'S NOTICE OF NON-OPPOSITION TO AVNET, INC.'S PARTIAL MOTION TO DISMISS NETLIST'S SECOND AMENDED COMPLAINT**

Defendant Avnet, Inc. seeks (Dkt. 122) to "dismiss Netlist's claims against Avnet for *pre-suit* willful and pre-suit indirect infringement allegations for U.S. Patent No. 10,025,731 (''731 patent')" and for lack of venue for "infringement of U.S. Patent No. 12,308,087 (''087 patent')" based on a lack of infringing acts within this district. Mot. 1 (emphasis added). Netlist does not oppose this partial motion to dismiss, but files this notice for clairity.

For the '731 Patent, unlike Netlist's complaint against Samsung, Netlist's willful and indirect infringement allegations against Avnet were not premised on pre-suit knowledge, but based on the filing of the Complaint. *E.g.*, Dkt. 81 ¶ 67 ("Avnet has had actual notice of the '731 Patent at least as early as the filing of the First Amended Complaint."); *see* Mot. 4. For this reason, Netlist does not oppose Avnet's motion to dismiss as to *pre-suit* willful or indirect infringement. Avnet, however, does not move to dismiss Netlist's post-suit willful and indirect infringement claims, and willful infringement can be proven based on post-filing actions. *Mojo Mobility, Inc. v. Samsung Elecs. Co.*, No. 2:22-CV-398-JRG-RSP, 2024 WL 3355122, at *3 (E.D. Tex. June 4, 2024) ("The requisite element of post-suit knowledge of the patent [for willfulness] is satisfied by the complaint."); *Apex Beam Techs. LLC v. TCT Mobile Int'l Ltd.*, No. 2:21-CV-438-JRG, 2024 WL 38279, at *5 (E.D. Tex. Jan. 3, 2024) (similar for indirect infringement). The Court should thus not dismiss Netlist's willful and indirect infringement claims in their entirety, and Avnet has not sought their dismissal.[1]

Second, for the '087 Patent, based on Avnet's representation that Avnet has not committed infringing acts within the district through making, using, sale, offer for sale, or importing the accused Samsung HBM products, Netlist does not oppose the dismissal of Netlist's first claim for relief against Avnet for infringement of the '087 Patent.

---

[1] Contrary to Avnet's argument (Mot. 10-11), there is no culpable conduct pleading requirement for willfulness, as Netlist recently explained. Dkt. 135 at 5-6; Dkt. 145 at 5.

Dated: February 4, 2026

Respectfully submitted,

/s/ *Blair A. Silver*
Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice pending*)
jsheasby@irell.com
Andrew J. Strabone (*pro hac vice pending*)
astrabone@irell.com
Blair A. Silver
DC Bar No. 1000372
bsilver@irell.com
Michael W. Tezyan (*pro hac vice pending*)
mtezyan@irell.com
Andrew H. Henderson (*pro hac vice pending*)
dhenderson@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record by email on this 4th day of February, 2026

/s/ *Blair A. Silver*
Blair A. Silver