UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC.; AVNET, INC., <br><br> Defendants. | Case No. 2:25-cv-557-JRG <br><br> **JURY TRIAL DEMANDED** <br> (Lead Case) |
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC; AVNET, INC., <br><br> Defendants. | Case No. 2:25-cv-558-JRG <br><br> **JURY TRIAL DEMANDED** <br> (Member case) |

**PLAINTIFF NETLIST, INC.'S RESPONSE TO**
**AVNET'S MOTION TO SEVER AND STAY (DKT. 142)**

# **TABLE OF CONTENTS**

**Page**

I. RESPONSE ..............................................................................................................................1

    A. Netlist Does Not Oppose a Discretionary Stay Pending Final Disposition of the 1472 Investigation ........................................................................1

    B. Avnet's Request to Sever and Stay Beyond the 1472 Investigation Is Premature and Should be Denied Without Prejudice ...........................................2

        1. Unlike the Micron-Avnet Case, Neither Samsung Nor Avnet Have Provided Any Discovery on Their Relationship .............................3

        2. If Considered, the Court Should Deny Avnet's Motion to Sever & Stay Beyond the ITC Investigation .............................................4

II. CONCLUSION .......................................................................................................................7

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Cellular Commc'ns Equip. LLC v. HTC Corp.*,
   No. 6:13-cv-507, 2015 WL 11118110 (E.D. Tex. Mar. 27, 2015) ............................................. 5

*Dali Wireless, Inc. v. AT&T Corp.*,
   No. 2:22-cv-0012-RWS-RSP, 2023 WL 2898423 (E.D. Tex. Apr. 8, 2023) ............................. 6

*In re EMC*,
   677 F.3d 1351 (Fed. Cir. 2012) ................................................................................................ 2

*Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*,
   No. 2:15-CV-1202-WCB, 2016 WL 1659924 (E.D. Tex. Apr. 26, 2016) ................................. 6

*Innovative Automation, LLC v. Audio Video & Video Labs, Inc.*,
   No. 6:11–CV–234 LED–JDL, 2012 WL 10816848 (E.D. Tex. May 30, 2012) ........................ 4

*Kaneka Corp. v. Zhejiang Med. Co.*,
   No. CV 11-02389 SJO, 2016 WL 6208309 (C.D. Cal. July 6, 2016) ........................................ 6

*Lutron Elecs. v. Crestron Elecs.*,
   No. 2:09–cv–00707–DB–BCW, 2010 WL 1529249 (D. Utah Apr. 14, 2010) ......................... 2

*Mirror Worlds Techs., LLC v. Dell Inc.*,
   No. 6:13–CV–941, 2014 WL 11268268 (E.D. Tex. Sept. 29, 2014) ..................................... 6, 7

*Richmond v. Forever Gifts, Inc.*,
   No. 3:14-CV-0583-K, 2015 WL 11120883 (N.D. Tex. Mar. 18, 2015) .................................... 5

*Saint Lawrence Commc'ns LLC v. Apple Inc.*,
   No. 2:16-cv-82-JRG, 2017 WL 3712912 (E.D. Tex. July 12, 2017) ......................................... 5

*SAS Inst. Inc. v. World Programming Ltd.*,
   No. 2:18-CV-00295-JRG, 2019 WL 8331447 (E.D. Tex. Apr. 4, 2019) ................................... 4

*Shifferaw v. Emson USA*,
   No. 2:09–CV–54–TJW–CE, 2010 WL 1064380 (E.D. Tex. Mar. 18, 2010) .................... 2, 3, 5

*Ultravision Techs., LLC v. Lamar Advert. Co.*,
   No. 2:16-CV-374-JRG-RSP, 2017 WL 823419 (E.D. Tex. Mar. 2, 2017) ................................ 6

*Wapp Tech Ltd. P'ship v. Bank of Am. Corp.*,
   2019 WL 3890171 (E.D. Tex. Aug. 19, 2019) .......................................................................... 3

Plaintiff Netlist, Inc. ("Netlist") does not oppose the request by Defendant Avnet, Inc. for the Court to exercise its discretion to stay Netlist's patent infringement claims (Claims for Relief Nos. 1–2, Dkt. 81, ¶¶ 42–67) against the accused Samsung products pending the final disposition of Certain Dynamic Random Access Memory (DRAM) Devices, Products Containing the Same, and Components Thereof, Inv. No. 337-TA-1472 ("1472 Investigation"), including any appeals therefrom.  To be clear, however, this does not stay the consolidated case against Micron and Avnet.

That said, Netlist does oppose entry of a longer, unbounded severance and stay of Avnet. Such a ruling would be premature because Samsung and Avnet have refused, for months, to provide any discovery on their relationship or on Avent's infringement and damages. Even so, Avnet has not shown that it is merely peripheral to this case or that there is any actual likelihood of resolution of major claims.  To the extent the Court reaches this issue, it should deny Avnet's request for a broader, unbounded stay.

I.      **RESPONSE**

    A.      **Netlist Does Not Oppose a Discretionary Stay Pending Final Disposition of the 1472 Investigation**

Netlist acknowledges that conducting two patent cases involving some overlap (*i.e.*, the infringement analysis of Samsung's products)—even if the issues are not completely the same—in parallel is not the most efficient judicial process. A stay of Netlist's patent claims against Avnet related to the same accused Samsung products at issue in the 1472 Investigation in this instance would be more efficient than proceeding against Avnet here and Samsung in the 1472 Investigation in parallel. Unsurprisingly, the vast majority of Avnet's brief is focused on staying during the pendency of the 1472 Investigation. *See, e.g.*, Mot. 7 ("judicial economy" for stay "in favor of the ITC proceeding" and pointing to "overlap[]" therewith), 9–10 (prejudice factor in

- 1 -

view of "identical issues as the 1472 Investigation"; simplification factor in view of the "disposition of the 1472 Investigation"). Netlist disagrees with many of the factual representations made by Avnet about its level of involvement with the accused Samsung products and Avnet's views on prejudice, potential for simplification, and case stage. *See id.* at 8–11. Indeed, should Samsung be found to infringe in the 1472 Investigation—which Avnet has given no reason to doubt—a second trial against Avnet would be virtually guaranteed and be necessary given the unique acts of infringement and damages from Avnet's coordination with Samsung on at least sales of DDR5 products within this district and elsewhere. *See id.* at 1 (admitting Avnet sells at least two of the accused product lines). That said, in this unique circumstance and for the sake of judicial efficiency, Netlist does not oppose Avnet's requested stay pending the 1472 Investigation and any appeals therefrom under the Court's inherent authority to control the disposition of its docket.

      **B.    Avnet's Request to Sever and Stay Beyond the 1472 Investigation Is Premature and Should be Denied Without Prejudice**

As for Avnet's request to sever and stay itself entirely from this case beyond the 1472 Investigation and any appeals therefrom, Netlist opposes that request. Avnet has not provided any reason for an unbounded stay that will likely last years beyond the 1472 Investigation. District courts have broad discretion on whether to sever. *In re EMC*, 677 F.3d 1351, 1355 (Fed. Cir. 2012). Complete severance is appropriate only "on rare occasions," *see Lutron Elecs. v. Crestron Elecs.*, No. 2:09–cv–00707–DB–BCW, 2010 WL 1529249, at *2 & n.18 (D. Utah Apr. 14, 2010), and in most instances, severance would not favor the interests of justice and is disfavored, *see Shifferaw v. Emson USA*, No. 2:09–CV–54–TJW–CE, 2010 WL 1064380, at *1 (E.D. Tex. Mar. 18, 2010) ("[T]he court normally denies such severance and transfer requests."). Severance is appropriate only if it is clear that: (1) the remaining claims are peripheral to the severed claims;

and (2) adjudication of the severed claims would potentially dispose of the remaining claims. *See Shifferaw*, 2010 WL 1064380, at *1. Neither of those are clear at this stage to warrant severance.

### 1. Unlike the Micron-Avnet Case, Neither Samsung Nor Avnet Have Provided Any Discovery on Their Relationship

Samsung's request to sever and stay is premature. Despite numerous attempts by Netlist over the last few months (Silver Decl., Ex. A), this Court's local practice on automatic discovery (Dkt. 51 at 3 (¶ 3)), and venue discovery served pursuant to a prior Court order (Dkt. 84) that Samsung and Avnet have never answered and treated as inoperative (Ex. A at 5–6) after its prior motion to dismiss was mooted, Samsung and Avnet have not provided ***any*** discovery to date on venue or their intricate relationship let alone evidence of infringement or damages. Instead, Samsung and Avnet have delayed responding or agreeing to any discovery for months through refusing to agree to proposals and extension requests. As a result, the only evidence on the relationship between Samsung and Avnet is the perfunctory, hearsay declaration of Ms. Danielson filed alongside Avnet's motion. Dkt. 142-1. Yet Ms. Danielson's declaration neither provides any insight on the intricate relationship between Samsung and Avnet nor proves peripherality or potential disposal of major claims to warrant the rare and extreme result of severing and staying this case indefinitely. Ruling on Avnet's motion to fully sever and stay at this point—without the benefit of any discovery and when all parties agree that a stay pending the 1472 Investigation and related appeals is appropriate—would be premature. *See Wapp Tech Ltd. P'ship v. Bank of Am. Corp.*, 2019 WL 3890171 (E.D. Tex. Aug. 19, 2019) ("Defendant's motion to stay pursuant to the customer-suit exception is premature as additional discovery should be conducted by the parties to determine whether Defendant is a customer or manufacturer of an accused system."). The most efficient course, saving both this Court's and the parties' time and effort, is to enter the

agreed-upon stay and dismiss this motion without prejudice to refile at a later date and after the parties have had actual discovery into the relationship between Samsung and Avnet.[1]

### 2. If Considered, the Court Should Deny Avnet's Motion to Sever & Stay Beyond the ITC Investigation

Netlist expects discovery to uncover that Avnet plays a uniquely central role in its customers' deployment and infringing use of the accused Samsung products, and is just as much a "true defendant" in this case as Samsung. *SAS Inst. Inc. v. World Programming Ltd.*, No. 2:18-CV-00295-JRG, 2019 WL 8331447, at *2–3 (E.D. Tex. Apr. 4, 2019) ("[T]he customer-suit exception does not apply when the claims against the manufacturer and non-manufacturer defendants are not identical"; therefore, Netlist's claims against Avnet "are not merely peripheral."); *Innovative Automation, LLC v. Audio Video & Video Labs, Inc.*, No. 6:11–CV–234 LED–JDL, 2012 WL 10816848, at *4–5 (E.D. Tex. May 30, 2012) (a party who takes "affirmative steps to integrate the accused" products into customer systems "are not as easily distinguished as defendants in traditional manufacturer/distributor cases"). In addition to Avnet's unique knowledge and role regarding the Accused Products, the expected "collaborative relationship between" Avnet and Samsung "involving the patented technology" makes Avnet more than a "mere retailer[]," rendering severance improper, at least because Avnet is "likely to possess discoverable

---

[1] As alleged in Netlist's Second Amended Complaint ("SAC"), Avnet advertises its distribution partnership with Samsung and, "[a]s an authorized distributor of Samsung memory products, Avnet 'accelerates its partners' success by connecting the world's leading technology suppliers with a broad base of customers by providing cost-effective, value-added services and solutions.'" SAC ¶ 33 (citation omitted) (first citing *Samsung*, Avnet https://www.avnet.com/americas/manufacturers/m/samsung; and then quoting *Avnet, Inc. Names Rodney C. Adkins to Its Board of Directors*, SEC (June 15, 2015), https://www.sec.gov/Archives/edgar/data/8858/000129993315000942/exhibit1.htm.). Samsung *expressly* directs its customers to Avnet to purchase the accused products.

information relevant to" Netlist's claims. *Cellular Commc'ns Equip. LLC v. HTC Corp.*, No. 6:13-cv-507, 2015 WL 11118110, at *7–8 (E.D. Tex. Mar. 27, 2015).

Avnet's motion and lack of discovery conceal this tightly knit and highly collaborative relationship with Samsung to draw an illusory comparison to *Shifferaw* and other cases granting severance with mere resellers. But those cases are distinct because "the severed retailers apparently lacked any meaningful connection to the manufacturer defendants other than the fact that the retailers sold or distributed the manufacturers' products to the public." *Id.* at *7. Given "the likelihood that [Avnet is] more substantially implicated in allegedly infringing activities than the types of retailers severed in [these] prior cases," *see id.* at *8, Netlist's claims against Avnet are not "peripheral" and should not be severed.[2]

Moreover, adjudicating against Samsung alone would not dispose of Netlist's allegations of direct, indirect, and willful infringement against Avnet, which necessarily implicate facts and issues specific and unique to Avnet. For example, Netlist alleges that Avnet directly infringes and induces its own customers to infringe the asserted patents "by providing [its customers] cost-effective, value-added services and solutions" through its "affirmative acts of selling, offering to sell, distributing, and/or otherwise making available" the accused Samsung products. SAC ¶¶ 33, 52, 64. Such claims cannot be appropriately resolved in a severed case solely against Samsung.

---

[2] The cases cited by Avnet for the customer-suit exception recognize this distinction. For example, in *Saint Lawrence Commc'ns LLC v. Apple Inc.*, the Court held that claims against retailers were peripheral where the retailer had "**no role in the** development, design, or **implementation** of the relevant software code." No. 2:16-cv-82-JRG, 2017 WL 3712912, at *2 (E.D. Tex. July 12, 2017) (emphasis added). Unlike the retailer distributors in these cases, as well as in *Shifferaw* and *Richmond v. Forever Gifts, Inc.*, who were merely "second-hand entities" with "no involvement in and no essential knowledge about the alleged infringement," *see Richmond v. Forever Gifts, Inc.*, No. 3:14-CV-0583-K, 2015 WL 11120883, at *1 (N.D. Tex. Mar. 18, 2015), Avnet takes an active role in installing, supporting, and maintaining the infringing products within downstream customers' systems.

- 5 -

*Ultravision Techs., LLC v. Lamar Advert. Co.*, No. 2:16-CV-374-JRG-RSP, 2017 WL 823419, at *4 (E.D. Tex. Mar. 2, 2017) (declining to sever because indirect infringement claims involved facts related to teaching, instructing, encouraging, or recommending customers to infringe); *see Mirror Worlds Techs., LLC v. Dell Inc.*, No. 6:13–CV–941, 2014 WL 11268268, at *2 (E.D. Tex. Sept. 29, 2014) (similarly distinguishing "resellers" who merely "purchase" the accused product).

Avnet is also essential for proving Netlist's indirect infringement allegations against Samsung because Avnet commits the underlying acts of direct infringement. *See, e.g.*, SAC ¶¶ 52–53, 64–65 ("Samsung sells or otherwise provides the Accused HBM Products to distributors or U.S.-based sales entities knowing that these entities intend to make, use, offer to sell, and/or sell the products within the United States . . . ."). Netlist is entitled to seek discovery from Avnet on this underlying direct infringement. *See Kaneka Corp. v. Zhejiang Med. Co.*, No. CV 11-02389 SJO, 2016 WL 6208309, at *3 (C.D. Cal. July 6, 2016) ("[D]iscovery concerning, *inter alia*, PRI's communications with XKGC may be highly relevant to Kaneka's inducement allegations.").

Finally, Avnet's agreement to be bound by the final judgment (Mot. 7) ignores the fact that a separate suit between Netlist and Samsung is unlikely to resolve the issue of whether Avnet engages in its own additional direct infringement, indirect infringement by inducing others to infringe, or otherwise contributorily infringing, and the damages for that additional infringement. *See Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2016 WL 1659924, at *3 n.2 (E.D. Tex. Apr. 26, 2016) (Although Brookshire "agree[d] to be bound by the result of any separate proceedings against Lilly in the Southern District of Indiana, . . . [i]t is unlikely that the issue of whether Brookshire 'administers' Cialis . . . would be resolved in a separate action against Lilly in the Southern District of Indiana. That issue would therefore remain for resolution in the stayed action against Brookshire in this district."); *Dali Wireless, Inc. v. AT&T Corp.*, No.

2:22-cv-0012-RWS-RSP, 2023 WL 2898423, at *3 (E.D. Tex. Apr. 8, 2023) ("AT&T's agreement to be bound by the Court's findings as to infringement by [manufacturers] and invalidity arguments raised by the same does not eliminate the potential need to adjudicate AT&T's direct infringement of the asserted method claims."); *Mirror Worlds Techs., LLC*, 2014 WL 11268268, at *2 ("[T]he PC Manufacturers' agreement to be bound by a determination against Microsoft is illusory because the allegations against Microsoft are different from the allegations against the PC Manufacturers."). Thus, the mere fact that Avnet offers to be bound by the infringement and validity determinations does not move the needle on this factor because it would work to exclude several allegations that could not be adjudicated in a severed lawsuit against Samsung alone.

## II.      CONCLUSION

For these reasons, Netlist does not oppose this Court discretionarily staying this case against Avnet under its inherent authority pending resolution of the 1472 Investigation, including any appeals therefrom. This Court should not enter a broader stay or sever Avnet at this stage.

Dated: February 10, 2026

Respectfully submitted,

*/s/ Blair A. Silver*
Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Andrew J. Strabone (*pro hac vice*)

- 7 -

>astrabone@irell.com
>Blair A. Silver
>DC Bar 1000372
>bsilver@irell.com
>Michael W. Tezyan (*pro hac vice*)
>mtezyan@irell.com
>Andrew H. Henderson (*pro hac vice*)
>dhenderson@irell.com
>**IRELL & MANELLA LLP**
>1800 Avenue of the Stars, Suite 900
>Los Angeles, CA 90067
>Tel. (310) 277-1010
>Fax (310) 203-7199
>
>*Attorneys for Plaintiff Netlist, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record by email on February 10, 2026.

>*/s/ Blair A. Silver*
>Blair A. Silver